# Exhibit 4

NEDELMAN LEGAL GROUP, PLLC
ATTORNEYS AT LAW
PROFESSIONAL LIMITED LIABILITY COMPANY

28580 ORCHARD LAKE ROAD, SUITE 140
FARMINGTON HILLS, MICHIGAN 48334

32 SE 2ND AVE., STE 636
DELRAY BEACH, FL 33444

TELEPHONE (248) 855-8888
TELEPHONE: (561) 278-8855

MICHAEL A. NEDELMAN
ALSO ADMITTED IN FL & AZ

E-MAIL mnedelman@nglegal.com

December 31, 2021

James E. Marina, Esq.
Kirkland & Ellis
601 Lexington Avenue
New York, New York 10022

Via email to: james.marina@kirkland.com

Casey McGushin, Esq.
Kirkland & Ellis
300 North LaSalle
Chicago, IL 60654

Via email to: casey.mcgushin@kirkland.com

Re: Alphons Iacobelli/ *General Motors v Ashton*
*Case 20-12659 (USDC NJ)*
Our File No. 1751.009

Gentlemen:

I write in my capacity as counsel for non-party Alphons Iacobelli, (a) with reference to the Subpoena *duces tecum* dated November 10, 2021 and served upon Mr. Iacobelli on November 19, 2021, in that action entitled *General Motors LLC v Ashton*, bearing case no. 20-12659 in the United States District Court for the District of New Jersey (the "Ashton New Jersey Action"), and (b) as a follow-up to my letter (and the included objections) dated December 2, 2021 and our subsequent discussions. On behalf of Alphons Iacobelli and in light of the Order in *General Motors LLC v Iacobelli, et al*, bearing case no. 20-011998-CB in the Wayne County (Michigan) Circuit Court (the "Michigan State Court Action") permitting General Motors LLC to amend its Complaint, we amend our objections to the scope of the subpoena *duces tecum* - despite our continued belief (c) that the request for documents seeks documents that are not relevant to any of the claims made in the Ashton New Jersey Action; (d) that the requests are not proportional to the needs of the case; (e) that the requested discovery is clearly intended to conduct discovery in each of the Michigan State Court Action and that action entitled *General Motors LLC v FCA, LLC*, bearing case no. 19-cv-13429 in the United States District Court for the Eastern District of Michigan (the "Michigan Federal Court Action") (the Michigan Federal Court Action and the Michigan State Court Action are sometimes collectively referred to as the "Michigan Actions"); and (f) that the attempted

discovery imposes upon Mr. Iacobelli an undue burden. Those objections notwithstanding, we and solely to narrow any potential dispute and avoid costly and unnecessary Motion practice.

In addition, please be advised that Mr. Iacobelli is not lawfully permitted, your subpoena notwithstanding, to appear at the location you have requested.

Federal Rule of Civil Procedure 45(d), Protecting a Person Subject to a Subpoena; Enforcement, states in relevant part as follows:

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

Pursuant to Fed. R. Civ. P. 45(d)(2)(B), Alphons Iacobelli makes the following amended objections to the *duces tecum* portion of the subpoena (Alphons Iacobelli may provide greater detail in support of his objections in response to any Motion to Compel you may file):

**Definitions**:

Objections are made to the definition of "NTC" to the extent that it is defined as "including any and all of its current or former directors, officers, board, employees, agents, advisors, or other persons acting on its behalf," for the reason that the other persons and/or entities sought to be included are not identified, rendering the request impermissibly broad and incomprehensibly vague.

Objections are made to the definition of "UAW" to the extent that it is defined as "including any and all of its current or former affiliates, subsidiaries, directors, officers, board, employees, agents, members, and other persons acting on its behalf," for the reason that the other persons and/or entities sought to be included are not identified, rendering the request impermissibly broad and incomprehensibly vague.

Objections are made to the definition of "And" and "or" requiring the terms to be construed "to bring within the scope of the request responses that might otherwise be outside of the scope" – rendering the request impermissibly broad and incomprehensibly vague.

Objections are made to the definition of "You," for the reason that the broad definition of "You," has been defined by "GM" to include not just Mr. Iacobelli but also his counsel within its definition, and arguably seek to include within the scope of this third-party subpoena *duces tecum* the work product and conduct of his counsel (whether or not such counsel was acting on his behalf), the definition is vague and as a result renders each request unduly burdensome. Alphons Iacobelli objects to the definition of "You" extending to include his counsel.

Therefore, in response to the specific numbered requests:

1. Document request no. 1 seeks "documents and communications relating to any effort by You, FCA, or Joseph Ashton, or any person acting on their behalf, to impose higher costs or other financial harm on GM by directly or indirectly providing bribes or unlawful payments of money or things of value to the UAW, its current or former officers or employees, and/or current or former managers, directors, or employees of FCA." The information sought is not relevant or proportional to the needs of the Ashton New Jersey Action, and reflects the efforts of Plaintiffs to use the Ashton New Jersey Action as a vehicle to conduct an intrusive, broad-ranging investigation into unrelated claims and beyond the permissible scope of discovery in that case; and the request imposes an undue burden on Alphons Iacobelli. While we object to the request as being well outside the permissible scope of discovery, in the interests of narrowing the scope of any possible dispute, there are no non-privileged documents in the possession, custody and/or control of Alphons Iacobelli that relate to (a) any bribes to the UAW, its current or former officers or employees, and/or current or former managers, directors, or employees of FCA, or (b) effort(s) by Mr. Ashton to impose higher costs or other financial harm on "GM." The privileged documents are limited to his personal notes taken in connection with the provision of legal advice to him and/or communication(s) between Mr. Iacobelli and counsel, all of which are protected by the attorney-client privilege from involuntary disclosure, which will not be produced.

2. Document request no. 2 seeks "documents and communications relating to You, FCA, the NTC, or any person acting on their behalf providing any 'money or other thing of value' (within the meaning of that phrase as set forth in Section 302 of the

Labor Management Relations Act) to the UAW, its current or former officers, employees,or their relatives, or any charitable organization or other entity associated with the UAW or its current or former officers, employees, or their relatives, either directly or indirectly."

As an initial matter, it is our understanding that GM has agreed to exclude from the scope of any requests to Mr. Iacobelli any documents that were furnished by the United States to Mr. Iacobelli in the course of its investigation, and those documents reflecting the discussions between Mr. Iacobelli and the United States in connection with his cooperation with the United States. Mr. Iacobelli will not, therefore, produce any of those documents.

As Plaintiffs are well-aware, and in fact plead at Amended Complaint ¶12, Alphons Iacobelli pled guilty to conspiracy to violate the Labor Management Relations Act, based upon providing on behalf of FCA money or other things of value to UAW officials; FCA has also pled guilty to similar charges. The request appears to seek all documents that may relate to the underlying offenses giving rise to the charges brought against Mr. Iacobelli and FCA; the sheer breadth of that request reveals that the information sought is not relevant to the limited state law claims at issue in this case or proportional to the needs of the Ashton New Jersey Action, and reflects the efforts of Plaintiffs to use the Ashton New Jersey Action as a vehicle to conduct an intrusive, broad-ranging investigation into unrelated claims and beyond the permissible scope of discovery in this case. In any event, the request imposes undue burden and expense on Alphons Iacobelli and Mr. Iacobelli objects to and will not produce those responsive documents, if any, in his possession, custody and/or control.

As you are further aware, Mr. Iacobelli was named as a party defendant in that action entitled *The UAW-Chrysler Skill Development and Training Program v Iacobelli, et al*, bearing case no. 18-166226-CZ in the Oakland County (MI) Circuit Court. Given the unduly broad nature of your request, it is possible that papers filed and discovery exchanged in that matter may be responsive to this request if construed to include allegations of such conduct. Making that determination, however, would be unduly burdensome upon Mr. Iacobelli and cause him to incur undue expense in determining if any of the pleadings or other papers filed in that matter (all of which are publicly available) and the discovery exchanged are responsive to your request and will only be undertaken if ordered by the Court and Plaintiffs agree to compensate Mr. Iacobelli for the time and expense (including that of the undersigned counsel) in conducting the necessary review.

In addition, the breadth of the request – to the extent it seeks documents not limited to the UAW but to unidentified officers, employees, former officers, former employees and their relatives – is impermissibly vague.

Further, to the extent, if any, that Mr. Iacobelli may have in his possession documents that are subject to those Protective Orders entered by the Court upon Stipulation of Mr. Iacobelli and the United States in that action entitled *United States v Iacobelli*, bearing case no. 17-20406 in the United States District Court for the

Eastern District of Michigan, Mr. Iacobelli objects to the request and any responsive documents will not be produced.

Finally, and as an overarching objection to the request, the request clearly seeks information protected from involuntary disclosure by reason of the attorney-client privilege in favor of Mr. Iacobelli including, but not limited to, Mr. Iacobelli's notes of meetings with counsel in the defense of the criminal charges, the NTC Action, and the prior actions commenced by GM; and will not be produced.

3. Document request no. 3 seeks documents "reflecting, referencing, or describing Sergio Marchionne's knowledge that any money or other thing of value (including but not limited to cash, debts paid, home improvements, gifts, automobiles, entertainment, travel, meals, retirement and other parties, personal items, and promises of future items of value) were provided by You, FCA, the NTC, or any person acting on their behalf to the UAW, its current or former officers, employees, or their relatives, either directly or indirectly (including but not limited to Joseph Ashton, Ron Gettelfinger, Dennis Williams, Gary Jones, Norwood Jewell, and General Holiefield)." The alleged conduct of Mr. Ashton, not the alleged knowledge of Mr. Marchionne, is at issue in the Ashton New Jersey Action and the information sought is therefore not relevant or proportional to the needs of the Ashton New Jersey Action, and reflects the efforts of Plaintiffs to use the Ashton New Jersey Action as a vehicle to conduct an intrusive, broad-ranging investigation into unrelated claims and beyond the permissible scope of discovery in that case; and imposes undue burden on Alphons Iacobelli.

As noted above, it is our understanding that GM has agreed to exclude from the scope of any requests to Mr. Iacobelli any documents that were furnished by the United States to Mr. Iacobelli in the course of its investigation, and those documents reflecting the discussions between Mr. Iacobelli and the United States in connection with his cooperation with the United States. Mr. Iacobelli will not, therefore, produce any of those documents.

If and to the extent, if any, that Mr. Marchione's alleged knowledge, if any, was referenced in the pleadings and/or papers filed, and discovery exchanged, in the NTC Action, it is possible that Mr. Iacobelli may have some documents responsive to the request. For the reasons set forth above, however, Mr. Iacobelli objects to the request for the reason that determining if any of the pleadings or other papers filed in that matter (all of which are publicly available) are responsive to your request would be unduly burdensome upon Mr. Iacobelli and cause him to incur undue expense, and will only be undertaken if ordered by the Court and Plaintiffs agree to compensate Mr. Iacobelli for the time and expense (including that of the undersigned counsel) in conducting the necessary review.

While we object to the request as being well outside the permissible scope of discovery, in the interests of narrowing the scope of any possible dispute, there are no non-privileged documents in the possession, custody and/or control of Alphons Iacobelli that Sergio Marchionne's knowledge of any money or other thing of value

(including but not limited to cash, debts paid, home improvements, gifts, automobiles, entertainment, travel, meals, retirement and other parties, personal items, and promises of future items of value) provided to Joseph Ashton.

Finally, the request clearly seeks information protected from involuntary disclosure by reason of the attorney-client privilege in favor of Mr. Iacobelli including, but not limited to, Mr. Iacobelli's notes of meetings and communications with counsel in the defense of the criminal charges, the NTC Action, and the prior actions commenced by GM; and those responsive documents will not be produced.

4. Plaintiffs' Amended Complaint in the Ashton New Jersey Action makes limited references to alleged "foreign accounts," limited to ¶¶57, 58, 60 and 107(a). Plaintiffs' First Amended Complaint at ¶57 references "certain foreign financial accounts in the Cayman Islands (Cayman National Bank) and Japan (Shisei Bank) held in the name of Ashton and/or Ashton's charity;" and at ¶58 references the alleged grant to Ashton, General Holifield and Dennis Williams control or a beneficial interest over account in Switzerland (LGT Bank) and Liechtenstein (Mason Private Bank).

At subpoena *duces tecum* Request no. 4, however, Plaintiffs seek documents and communications relating to "any of the foreign bank accounts identified in the Complaint…", but then proceed to assume that the accounts identified in the Amended Complaint include (but they do not) "those held by or for … Alphons Iacobelli in Switzerland (UBS and Credit Suisse), Italy (Deutsche Bank), Liechtenstein (VP Bank Vaduz), and Singapore (DBS Bank); Jerome Durden in Liechtenstein (LGT Bank Vaduz) and the Cayman Islands (Cayman National Bank); Colin Lightbody in Luxembourg (Fortuna Bank); Linda Knoll in Luxembourg (Lombard Odier Europe) and Switzerland (Banquet Pictet & Cie SA); and Peter Glenn Shagena in Switzerland (UBS Geneva and Itau Private Bank), including any payments or transfers of funds into or that ended up in such accounts, whether directly or indirectly." Reference to those additional alleged accounts was made in both the (dismissed) Michigan Federal Court Action and the Michigan State Court Action, but is not made in the Amended Complaint in the Ashton New Jersey Action, clearly evidencing the improper efforts of Plaintiffs to use the Ashton New Jersey Action to conduct discovery relevant, if at all, only to the Michigan Actions. As a result, the request seeks information that is not relevant or proportional to the needs of this case, and beyond the permissible scope of discovery in this case; and imposes undue burden on Alphons Iacobelli. While we object to the request as being well outside the permissible scope of discovery, in the interests of narrowing the scope of any possible dispute, there are no non-privileged documents in the possession, custody and/or control of Alphons Iacobelli responsive to this request and the privileged documents are limited to his personal notes taken and communications with counsel in connection and with the provision of legal advice to him, all of which are protected by the attorney-client privilege from involuntary disclosure

5. Document request nos. 5-9 seek documents and communications relating to banking relationships (if any exist) with "any foreign bank accounts with which Alphons Iacobelli is or have ever been affiliated in any way, directly or indirectly" (Request no. 5), "deposits or transfers into a United States financial institute where the source of funds directly or indirectly came from a foreign bank" (Request no. 6), "accounts maintained directly or indirectly at financial institutions inside or outside of the United States" (Request no. 7), "communications with any bank, financial institution or financial advisor located outside the United States" (Request no. 8) and the location and contents of any safe deposit box at any financial institution (Request no. 9).

Assuming, *arguendo*, that such foreign accounts exist, the request utterly fails to evidence any relationship, let alone relevance, between the claims in the Ashton New Jersey Action and the documents sought. Moreover, the request is not reasonably limited in time (extending back to January 1, 2009, per instruction no. 7), and Request no. 6 is not, for example, limited to deposits or transfers into accounts of any named individuals, rendering the request overly broad, not relevant to the claims made and not remotely proportional to the needs of the Ashton New Jersey Action. To the extent the request is construed to be limited to accounts in the name of non-party Alphons Iacobelli (including accounts in US financial institutions), Plaintiffs' attempt to secure the personal financial information of Alphons Iacobelli seeks information that is not relevant to the limited state law claims made in the Ashton New Jersey Action or proportionate to the needs of the case, and therefore not within the permitted scope of discovery. In short, it is an unwarranted intrusion into the personal affairs of Alphons Iacobelli and Mr. Iacobelli will not produce any responsive documents.

With respect to Request nos. 7 and 9 to the extent the request is construed to be limited to accounts in the name of Alphons Iacobelli in US financial institutions, Plaintiffs' attempt to secure the personal financial information of non-party Alphons Iacobelli seeks information that is not relevant to the claims made in the Ashton New Jersey Action or proportionate to the needs of the case, and therefore not within the permitted scope of discovery. In short, those requests are an unwarranted intrusion into the personal affairs of non-party Alphons Iacobelli and the responsive documents, if any, will not be produced.

The foregoing objections notwithstanding, Mr. Iacobelli has no documents responsive to Request no. 5; no documents responsive to Request no. 6 to the extent the request is limited to funds that came directly from a foreign bank, or to his actual knowledge indirectly from a foreign bank; no documents responsive to Request no. 7 to the extent limited to accounts maintained outside the United States; no documents responsive to Request no. 8; and no documents responsive to Request no. 9 to the extent limited to safe deposit boxes at any financial institution located outside of the United States.

6. Document request no. 10 seeks documents relating to alleged payments by FCA or

the NTC into foreign bank accounts (how any such payments, other than perhaps to Mr. Ashton, could possibly be relevant to the claims is the Ashton New Jersey Action is a complete mystery). We will construe this request to exclude those documents sought pursuant to request nos. 12, 13, and 14 and to the extent not excluded, we incorporate by reference our responses and objections to those responses. We object to request no. 10 for the reasons that (a) it seeks information that is not relevant to the claims made in the Ashton New Jersey Action or proportionate to the needs of the case, and therefore not within the permitted scope of discovery; and (b) for the additional reason that given breadth of that request and without any guidelines as to how Mr. Iacobelli could reasonably determine if any document "related to alleged payments," particularly in light of Alphons Iacobelli's status as a defendant in the NTC Action. To the extent that any of the pleadings and papers filed, and discovery exchanged, in the NTC Action might be responsive to the request, responding to the request as written would be unduly burdensome and costly. In the interests of narrowing the scope of any possible dispute, to the extent that the request is limited to payments to Mr. Ashton and the accounts identified in the Amended Complaint, there are no non-privileged documents in the possession, custody and/or control of Alphons Iacobelli responsive to this request and the privileged documents are limited to his personal notes taken and communications with counsel in connection with the provision of legal advice to him, all of which are protected by the attorney-client privilege from involuntary disclosure, and will not be produced.

7. Document request no. 11 seeks documents and communications relating to FCA or the NTC allegedly paying or directing the payment of funds or proceeds into foreign bank accounts for the benefit of the UAW, its current or former officers,employees, or their relatives (including Joseph Ashton, Alphons Iacobelli, and Dennis Williams), or any charitable organization or other entity (including the Ashton Fund and Williams Charity Fund) associated with the UAW or any of its current or former officers, employees, or their relatives, including but not limited to Documents relating to opening, closing, or depositing funds into such foreign bank accounts. While we object to the request for the reason that it is well outside the permissible scope of discovery given the limited nature of Plaintiffs' state law claims against Mr. Ashton for fraud and breach of fiduciary duty, and therefore the request is not proportional to the needs of this case, in the interests of narrowing the scope of any possible dispute, we can advise that there are no non-privileged documents in the possession, custody and/or control of Alphons Iacobelli responsive to this request and the privileged documents are limited to his personal notes taken and communications with counsel in connection with the provision of legal advice to him, all of which are protected by the attorney-client privilege from involuntary disclosure and will not be produced.

8. Document request no. 12 seeks documents and communications relating to the investigation conducted by the U.S. Attorney's Office for the Eastern District of

Michigan into the UAW, FCA, and Joseph Ashton. Again, while perhaps GM may be able to make an argument (we will wait and see) that any responsive documents sought are relevant to the extent the request is narrowed to the investigation of Joseph Ashton (which the request is not, given the definition of the word "and"), the request is in any event not proportional to the needs of this case – which claims are limited to Plaintiffs' state law claims against Mr. Ashton for fraud and breach of fiduciary duty; and imposes an undue burden on non-party Alphons Iacobelli, especially given the potential breadth of the request resulting from "GM's" use of the vague phrase "relating to."

GM is well-aware of the broad and length investigation by the United States "into the UAW and FCA," and obviously believes that there was also an investigation into Mr. Ashton. As an initial matter and as I have previously indicated, it is our understanding that GM has agreed to exclude from the scope of this request any documents that were furnished by the United States to Mr. Iacobelli in the course of its investigation, and those documents reflecting the discussions between Mr. Iacobelli and the United States in connection with his cooperation with the United States. Mr. Iacobelli will not, therefore, produce any of those documents. Notwithstanding those limitations, the remaining breadth of the discovery request (if broadly construed) still seeks documents that are not relevant to any of the claims made in the Ashton New Jersey Action; and are not proportional to the needs of the case imposes an undue burden and expense upon Mr. Iacobelli, given the potential "relationship" (if broadly construed) between the referenced investigation, on the one hand, and the investigation and prosecution, and related defense, of Mr. Iacobelli, on the other. For example, the Request would arguably require an examination (and potential production and/or privilege log of all privileged communications in connection with that investigation) of all communications by Mr. Iacobelli's counsel in connection with the defense of Mr. Iacobelli in the criminal proceedings and the NTC Action, which examination would be unduly burdensome and impose undue expense upon Mr. Iacobelli in determining if any of such communications are responsive to the Request and otherwise not protected from involuntary disclosure – all in the absence of any reasonable relationship between such communications and the limited state law claims against Mr. Ashton for fraud and breach of fiduciary duty. Mr. Iacobelli objects to the request and will not produce any documents responsive to this Request.

9. Document request no. 13 seeks documents and communications provided to the U.S. Attorney's Office for the Eastern District of Michigan in connection with that office's investigation into the UAW, FCA, and Joseph Ashton. For the reasons described in response to Request no. 12, Mr. Iacobelli objects to the request and will not produce any documents responsive to this Request.

10. Document request no. 14 seeks documents and communications relating to any investigation conducted by any government authority or agency into the UAW, FCA,

and Joseph Ashton. As an initial matter, we will construe this Request to exclude those documents sought pursuant to Request nos. 10, 12 and 13, above (and to the extent that it cannot be so construed, incorporate by reference the objections to those specific Requests). Again, while perhaps GM may be able to make an argument (we will wait and see) that any responsive documents sought are relevant to the extent the request is narrowed to the investigation of Joseph Ashton (which the request is not, given the definition of the word "and"), the request is in any event not proportional to the needs of this case – which claims are limited to Plaintiffs' state law claims against Mr. Ashton for fraud and breach of fiduciary duty. Those documents will not be produced. For the reasons set forth in response to request nos. 12, the examination necessary to determine if there are any responsive documents, and determining which of those are privileged and not subject to involuntary disclosure, would be unduly burdensome and expensive, and will not be conducted. Mr. Iacobelli objects to the request and will not produce any documents responsive to this Request.

11. Document request no. 15 seeks documents relating to Alphons Iacobelli's communications (if any) with Joseph Ashton. While we object to the request as being well outside the permissible scope of discovery, in the interests of narrowing the scope of any possible dispute, there are no documents in the possession, custody and/or control of Alphons Iacobelli responsive to this request except to the extent of communications between counsel arising from the subpoenas *duces tecum* in this case. The request for those communications seeks information well outside the permissible scope of discovery for the reason that the information sought is not relevant or proportional to the needs of the Ashton New Jersey Action. Those documents will not be produced.

12. Document request no. 16 seeks communications in Alphons Iacobelli's possession between Alphons Iacobelli and Peter DeLorenzo. The referenced communications have been raised in connection with Plaintiffs' amendment of their complaint in the Michigan State Court Action, and bear no relationship or relevance to the claims in this case and are beyond the permitted scope of discovery in this case. While we object to the request as being well outside the permissible scope of discovery, in the interests of narrowing the scope of any possible dispute, the only documents responsive to the request are those attached to Mr. DeLorenzo's Affidavit, as such Affidavit was attached as Exhibit 1 to Plaintiffs' Second Amended Complaint in the Michigan State Court Action.

13. Document request no. 17 seeks documents and communications that Alphons Iacobelli allegedly showed to Peter DeLorenzo and/or that Alphons Iacobelli allegedly brought to Alphons Iacobelli's meetings with Peter DeLorenzo in 2018 - again issues that have been raised in connection with Plaintiffs' attempts to amend the claims in the (dismissed) Michigan Federal Court Action and the amendment to the Complaint in the Michigan State Court Action. We object to the request as being

well outside the permissible scope of discovery for the reason that the information sought is not relevant or proportional to the needs of the Ashton New Jersey Action, and reflects the efforts of Plaintiffs to use the Ashton New Jersey Action as a vehicle to conduct an intrusive, broad-ranging investigation into unrelated claims and beyond the permissible scope of discovery in that case; and imposes undue burden and expense on non-party Alphons Iacobelli. The documents in Mr. Iacobelli's possession at the time of the meeting were not thereafter maintained separately from the balance of Mr. Iacobelli's records; Mr. Iacobelli cannot recreate the specific documents in his possession at the time of his meeting with Mr. DeLorenzo. Mr. Iacobelli also incorporates by reference his objections to request nos. 10,12,13 and 14, to the extent that the documents in his possession, custody and/or control at the time of his meeting with Mr. DeLorenzo would also be responsive to those requests. While we object to the request as being well outside the permissible scope of discovery, in the interests of narrowing the scope of any possible dispute, the only document in the possession, custody and/or control of Alphons Iacobelli responsive to the portion of the request seeking the production of any document(s) shown to Mr. DeLorenzo will be produced; no other documents will be produced.

14. Document request no. 18 seeks "[a]ll book outlines in Alphons Iacobelli's possession that Alphons Iacobelli created, as referenced in Paragraph 21 of the Peter DeLorenzo Declaration filed in *General Motors et al. v. Alphons Iacobelli et al.*, No. 20-011998-CB (Wayne County Circuit Court) – which clearly evidences that the request relates to the Michigan State Court Action. We again object to the request as being well outside the permissible scope of discovery for the reason that the information sought is not relevant or proportional to the needs of the Ashton New Jersey Action, and reflects the efforts of Plaintiffs to use the Ashton New Jersey Action as a vehicle to conduct an intrusive, broad-ranging investigation into unrelated claims and beyond the permissible scope of discovery in that case; and imposes undue burden on Alphons Iacobelli. While we object to the request as being well outside the permissible scope of discovery, in the interests of narrowing the scope of any possible dispute, there are no documents in the possession, custody and/or control of Alphons Iacobelli responsive to this request.

15. Document request no. 19 seeks documents and communications "with any FCA representative including outside counsel to FCA during the time period after Alphons Iacobelli ceased employment at FCA," despite the wholesale absence of any relationship, let alone relevancy, of such potential communications to the Plaintiffs' state law claims against Mr. Ashton for fraud and breach of fiduciary duty. We again object to the request as being well outside the permissible scope of discovery for the reason that the information sought is not relevant or proportional to the needs of the Ashton New Jersey Action, and reflects the efforts of Plaintiffs to use the Ashton New Jersey Action as a vehicle to conduct an intrusive, broad-ranging investigation into unrelated claims and beyond the permissible scope of discovery in that case; and

imposes undue burden on Alphons Iacobelli.

Mr. Iacobelli objects to the Request to the extent that it seeks the production of documents relating to Mr. Iacobelli's pension from FCA following his separation of employment, for the reason that such information is not relevant or proportional to the needs of the Ashton New Jersey Action, and reflects an impermissible intrusion into the personal affairs of non-party Alphons Iacobelli.

By way of further objection, the breadth of the definition of "You" would arguably bring within the scope of the Request all communications between counsel for Mr. Iacobelli and counsel for FCA relating to the criminal investigation and prosecution into, and related defense of, Mr. Iacobelli, for conduct while he was an officer of FCA. For example, the Request would arguably require an examination (and potential production) of all communications by counsel for Mr. Iacobelli in connection with the defense of Mr. Iacobelli, which examination would be unduly burdensome and impose undue burden upon Mr. Iacobelli in determining if any of such communications are responsive to the Request and otherwise not protected from involuntary disclosure by reason of the "common interest" defense or otherwise – all in the absence of any reasonable relationship between such communications and the limited state law claims against Mr. Ashton for fraud and breach of fiduciary duty. Mr. Iacobelli will not produce any documents responsive to this Request.

While we object to the request as being well outside the permissible scope of discovery, in the interests of narrowing the scope of any possible dispute, Mr. Iacobelli will produce his employment file, which was requested from FCA following his termination of employment with FCA.

16. Document request no. 20 seeks documents and communications "directly, through counsel, or through any third party with Jerome Durden or his agents or representatives." We again object to the request as being well outside the permissible scope of discovery for the reason that the information sought is not relevant or proportional to the needs of the Ashton New Jersey Action, and reflects the efforts of Plaintiffs to use the Ashton New Jersey Action as a vehicle to conduct an intrusive, broad-ranging investigation into unrelated claims and beyond the permissible scope of discovery in that case; and imposes undue burden on Alphons Iacobelli.

Mr. Iacobelli further objects to the Request to the extent that it would require him to examine papers and pleadings filed in, and discovery exchanged in, the NTC Action. Such examination and determination would impose upon Mr. Iacobelli undue burden and expense.

By way of further objection, the breadth of "GM's" definition of "You" would arguably bring within the scope of the Request all communications between counsel for Mr. Iacobelli and counsel for Mr. Durden relating to the defense to various civil actions commenced by FCA (or its surrogate, the NTC). For example, the Request would arguably require an examination (and potential production) of all communications by counsel for Mr. Iacobelli's counsel in connection with the defense of Mr. Iacobelli in the NTC Action, which examination would be unduly

burdensome and impose undue burden upon Mr. Iacobelli in determining if any of such communications are responsive to the Request and otherwise not protected from involuntary disclosure by reason of the "common interest" defense or otherwise – all in the absence of any reasonable relationship between such communications and the limited state law claims against Mr. Ashton for fraud and breach of fiduciary duty. Those documents would also be protected from involuntary disclosure under the "joint defense" and/or "common interest" privileged. Mr. Iacobelli will not produce any documents responsive to this Request and will not be produced.

17. Document request no. 22 seeks documents "sufficient to show" (whatever that means) all electronic devices that Alphons Iacobelli used to communicate with any third parties since he ceased working at FCA." We again object to the request as being well outside the permissible scope of discovery for the reason that the information sought is not relevant or proportional to the needs of the Ashton New Jersey Action, and reflects the efforts of Plaintiffs to use the Ashton New Jersey Action as a vehicle to conduct an intrusive, broad-ranging investigation into unrelated claims and beyond the permissible scope of discovery in that case; and imposes undue burden on non-party Alphons Iacobelli. Certainly, "GM" cannot justify the demand that Mr. Iacobelli identify electronic devices that Mr. Iacobelli may have used to communicate with "any third party," a phrase not remotely calculated to pertain to the claims at issue in this action. Mr. Iacobelli objects to the request and will not produce any documents responsive to this Request.

18. Document request no. 22 seeks documents and communications "sufficient to show" (again, whatever that means) "the business purpose and activities of Business Advisory Group (and any affiliates), notwithstanding the fact that Business Advisory Group is not a party to this action, or even identified as a person having discoverable information. We again object to the request as being well outside the permissible scope of discovery for the reason that the information sought is not relevant or proportional to the needs of the Ashton New Jersey Action, and reflects the efforts of Plaintiffs to use the Ashton New Jersey Action as a vehicle to conduct an intrusive, broad-ranging investigation into unrelated claims and beyond the permissible scope of discovery in that case; and imposes undue burden on Alphons Iacobelli. While we object to the request as being well outside the permissible scope of discovery, in the interests of narrowing the scope of any possible dispute, all documents in the possession, custody and/or control of Alphons Iacobelli responsive to this request are being produced by Business Advisory Group, LLC in response to the separate subpoena *duces tecum* served upon Business Advisory Group, LLC in this action.

19. Document request no. 23 seeks documents and communications "sufficient to identify" (again, whatever that means) "other affiliates of Business Advisory Group over which You or Business Advisory Group had an overlapping ownership or interest," notwithstanding the fact that Business Advisory Group is not a party to this

action, or even identified as a person having discoverable information. We again object to the request as being well outside the permissible scope of discovery for the reason that the information sought is not relevant or proportional to the needs of the Ashton New Jersey Action, and reflects the efforts of Plaintiffs to use the Ashton New Jersey Action as a vehicle to conduct an intrusive, broad-ranging investigation into unrelated claims and beyond the permissible scope of discovery in that case; and imposes undue burden on Alphons Iacobelli.

20. Document request no. 24 seeks a copy of Alphons Iacobelli's passport – a document that has no conceivable relevance to Plaintiffs' state law claims against Mr. Ashton for fraud and breach of fiduciary duty. In addition, given your clients' admitted "spoofing" of Mr. Iacobelli's email address, and the likelihood that it also "spoofed" Alphons Iacobelli's email address, it is clear that your clients cannot be trusted to maintain the confidentiality of personally identifiable information. The request for Mr. Iacobelli's passport is, in addition, a request for information that is not relevant or proportional to the needs of this case, and beyond the permissible scope of discovery in this case. In any event, Mr. Iacobelli's passport is in the possession of the United States, having been surrendered following his indictment.

21. Document request no. 25 seeks "[a]ll USB drives that Alphons Iacobelli used during his employment with GM." While we object to the request as being well outside the permissible scope of discovery, in the interests of narrowing the scope of any possible dispute, there are no documents in the possession, custody and/or control of Alphons Iacobelli responsive to this request.

Please note that the fact any specific request is not expressly objected to should not be construed as meaning that responsive items are in the possession, control or custody of my client.

This letter and the amended objections set forth herein are made without prejudice to, and expressly reserving, all additional objections and defenses that may exist in favor of Alphons Iacobelli to the subpoena *duces tecum*; and is not intended and shall not be construed and/or asserted to be a waiver of any such objections and/or defenses, or a waiver of any and all privileges that may exist in favor of Alphons Iacobelli or others including, but not limited to, the spousal communication privilege, the spousal privilege, the marital privilege, the "joint defense" and/or "common interest" privilege, and Alphons Iacobelli's privilege under the Fifth and Fourteenth Amendments to the United States Constitution, all of which being expressly preserved.

If you would like to further discuss this matter, please do not hesitate to contact me.

Very truly yours,

NEDELMAN LEGAL GROUP PLLC

Michael A. Nedelman

L/16220C