# Exhibit 6

KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Casey McGushin
To Call Writer Directly:
+1 312 862 3397
casey.mcgushin@kirkland.com

300 North LaSalle
Chicago, IL 60654
United States

+1 312 862 2000

www.kirkland.com

Facsimile:
+1 312 862 2200

February 1, 2022

**Via E-Mail**

Michael Nedelman
Nedelman Law Group, PLLC
28580 Orchard Lake Road, Suite 140
Farmington Hills, MI 48334

Re: Subpoena to Alphons Iacobelli in *General Motors LLC, et al. v. Joseph Ashton*, Case No. 20-cv-12659-RBK, District of New Jersey

Dear Michael:

I am writing regarding GM's subpoena to Al Iacobelli in the above action.

**Production to date.** To date, we have received three productions from Mr. Iacobelli in response to our subpoena. Based on our prior correspondence, I understand these productions to have included: (1) any documents produced by or to Mr. Iacobelli in the suit between Mr. Iacobelli and the NTC; (2) communications between Mr. Iacobelli and FCA or its employees after Mr. Iacobelli's departure from FCA; (3) the DeLorenzo documents; and (4) documents Mr. Iacobelli voluntarily provided to the federal government related to its investigation of the FCA and the UAW.[1] As an initial matter, please confirm that the productions we have received to date include the entirety of the documents in those sets you intend to produce.

**Documents Withheld as Privileged.** For several of the above categories, you indicated that there may be responsive documents that you would withhold on the basis of attorney client privilege. We have previously discussed several such categories of documents including: (1) communications between Mr. Iacobelli and his counsel (including yourself); (2) Mr. Iacobelli's notes of conversations with his counsel; (3) communications between counsel for Mr. Iacobelli and counsel for Jerome Durden related to various ongoing lawsuits; and (4) communications between counsel for Mr. Iacobelli and counsel for FCA related to various ongoing lawsuits.

In order to assess any such privilege claims, we ask that you confirm whether any documents were withheld as privileged that do ***not*** fit into one of the above categories. To the

[1] For each of these categories, I understand your productions to be subject to the limitations and conditions contained in your January 11th letter to me.

extent any such documents were withheld on the basis of any privilege, please provide a log describing the document and the basis for withholding. In addition, given the apparent conflict between Mr. Iacobelli and FCA, we ask that you provide a log of any responsive communications between counsel for Mr. Iacobelli (including yourself) and counsel for FCA that are being withheld on the basis of privilege.

**Documents Seized by the Federal Government.** In your January 11th letter, you agreed to produce documents that Mr. Iacobelli voluntarily provided to the government, but refused to produce any documents seized by the government on the basis that these were not "provided" by Mr. Iacobelli to the government. Putting aside the semantics of whether documents were provided to the government voluntarily or involuntarily, there is no question that documents seized by the government as part of its investigation are responsive to GM's subpoena and relevant to GM's claims against Joe Ashton. Please confirm whether you will produce such documents.

**Additional Documents.** Finally, in our subpoena, we requested a copy of Mr. Iacobelli's current passport. (*See* Request No. 24.) You objected, noting that Mr. Iacobelli had turned his passport over to the federal government following his indictment. Given the nature of the allegations concerning the foreign accounts held by Mr. Ashton, Mr. Iacobelli, and others, Mr. Iacobelli's passport and his international travel is certainly relevant to those claims. Understanding Mr. Iacobelli does not have physical possession of the passport at this time, we ask that you produce a copy of the passport or consent to seeking the production of a copy of the passport from the federal government.

**Spoliation Concerns**. Having reviewed the documents that have been produced to date, we remain concerned about the prospect of spoliation and/or that documents responsive to the subpoena in Mr. Iacobelli's possession (or previously in his possession post-FCA employment) have not been produced. The documents produced to date do not match the specific description provided by Mr. DeLorenzo under oath including for example his detailed description of the "lengthy memos (several pages long and single spaced) and [that] contained information about payments and responsibility for payments", and memos "involving Marchionne" discussing "methods for orchestrating the passing of money to the UAW." (DeLorenzo Aff. ¶ 16.) Please promptly provide an explanation for the failure to produce these critical documents.

We reserve all rights, including to seek a court ordered production of Mr. Iacobelli's electronic devices given these stark document omissions. We look forward to talking with you in an attempt to resolve this issue in short order.

Sincerely,

Casey McGushin

Casey McGushin