# Exhibit 7

NEDELMAN LEGAL GROUP, PLLC
ATTORNEYS AT LAW
PROFESSIONAL LIMITED LIABILITY COMPANY

28580 ORCHARD LAKE ROAD, SUITE 140
FARMINGTON HILLS, MICHIGAN 48334

32 SE 2ND AVE., STE 636
DELRAY BEACH, FL 33444

TELEPHONE (248) 855-8888
TELEPHONE: (561) 278-8855

MICHAEL A. NEDELMAN
ALSO ADMITTED IN FL & AZ

E-MAIL mnedelman@nglegal.com

February 9, 2022

Casey McGushin, Esq.
Kirkland & Ellis
300 North LaSalle
Chicago, IL 60654

Via email to: casey.mcgushin@kirkland.com

Re: Alphons Iacobelli/ *General Motors v Ashton*
*Case 20-12659 (USDC NJ)*
Our File No. 1751.009

Dear Casey:

I write in response to your letter dated February 1, 2022.

Thank you for confirming receipt of the three sets of production of documents we have earlier provided in response to the Subpoena *duces tecum* dated November 10, 2021 and served upon non-party Mr. Iacobelli on November 19, 2021, in that action entitled *General Motors LLC v Ashton*, bearing case no. 20-12659 in the United States District Court for the District of New Jersey (the "Ashton New Jersey Action"). Please be advised that I have obtained additional documents that I am in the process of reviewing, to determine if any are responsive to that Subpoena *duces tecum*. I expect to have my review completed within a week and if there are any responsive documents, will produce them.

Your letter correctly confirms that we have, as detailed in each of the three earlier written responses and objections to the Subpoena *duces tecum*, objected to the production of and/or withheld on the basis of one or more privileges certain documents that, although they may be (assuming, *arguendo*, that the documents are within the permissible scope of discovery) responsive to the Subpoena *duces tecum*, are nevertheless pursuant to an applicable privilege protected from involuntary disclosure by such privilege(s). To be sure, not all of the documents that may have been withheld, although potentially responsive to the subpoena *duces tecum* (again, assuming that the requests were in the permissible scope of discovery), were withheld on the basis of a privilege; as our responses and objections reveal, we have also objected to several of the categories of documents described in the Subpoena *duces tecum* for the reason that that the process of reviewing the universe of potentially responsive documents imposes upon Mr. Iacobelli undue burden and expense. To avoid any misunderstanding, we will not repeat but instead incorporate those

responses and objections by reference. To the extent that your letter either assumes or asserts that all potentially responsive documents have been withheld on the basis of a privilege, it ignores our objections to the scope, burden and expense associated with a more fulsome response and production, and incorrectly sets forth our position.

I am, however, mindful of your most recent request for a privilege log, but am presently unable to fully address that request. It appears that you seek a privilege log as to some, but not necessarily all, of the documents that have been withheld on the basis of a privilege. In this regard, in the second full paragraph of the section of your letter entitled "Documents Withheld as Privileged," you request a log of "such documents," but it is unclear if "such documents" is entitled to reference those withheld on the basis of a privilege other than one or more of the privileges described in the immediate preceding paragraph of your letter, or those withheld on the basis of <u>any</u> privilege; the confusion is caused in part by the next sentence in your letter, that "in addition" (but "in addition" to what is unclear) seeks a log of a specific subset of documents (exchanges with counsel for FCA) that you presume have been withheld on the basis of a privilege. Without waiving any of our objections, I request that you clarify the extent of your request for a privilege log.

With respect to production of the requested communications between counsel for Mr. Iacobelli and counsel for FCA, you reference an "apparent conflict" between Mr. Iacobelli and FCA as the basis for requesting a log of any such communications. Please explain why you believe that there is an "apparent conflict" between those parties, particularly in the context of this Ashton Action and the "Related Actions" (as defined in the Court's Confidentiality Order) and/or the various other cases in which Mr. Iacobelli and FCA are co-defendants (I presume that you are asserting the existence of an "apparent conflict" to avoid application of the common interest privilege to any requested production). As we have previously indicated, even assuming the existence of such an "apparent conflict," we do not believe that any such communications are within the permitted scope of discovery, and that the request for any documents exchanged between counsel for non-parties to this case (or even the compilation of such a log) imposes an undue burden and expense upon Mr. Iacobelli. We will, however, consider any explanation you can provide as to why you believe that any responsive documents are within the permissible scope of discovery, and why you believe it is appropriate to seek such documents from Mr. Iacobelli in this case.

Except to the extent that additional documents may be within those I note above have not yet reviewed, Mr. Iacobelli has produced those documents provided to the United States Attorneys' office and responsive to your request. My reference to the fact that documents seized by the Government as part of its investigation differ from those provided voluntarily by Mr. Iacobelli was to highlight that my client was not afforded the opportunity to make a copy in advance of such seizure, and therefore does not have in his possession (and cannot provide to you) the seized documents.

While I appreciate your client's desire to review Mr. Iacobelli's passport, Mr. Iacobelli does not have a copy and will not seek the production of his passport from the federal government.

Finally, we tire of your allegations of possible spoilation and unsubstantiated “concern.” My client is not responsible for, nor obligated to meet, GM’s (through Mr. DeLorenzo) description of what Mr. DeLorenzo allegedly recalls seeing. This is particularly true since you rely upon a description of the documents set forth in an Affidavit that was undoubtedly drafted by your office, and which cannot legitimately serve to establish any production bar that Mr. Iacobelli must meet. In short, there has been no “failure to produce.”

This letter is sent without prejudice to, and expressly reserving, all additional objections and defenses that may exist in favor of Alphons Iacobelli to the subpoena *duces tecum*; and is not intended and shall not be construed and/or asserted to be a waiver of any such objections and/or defenses, or a waiver of any and all privileges that may exist in favor of Alphons Iacobelli or others including, but not limited to, the spousal communication privilege, the spousal privilege, the marital privilege, the “joint defense” and/or “common interest” privilege, and Alphons Iacobelli’s privilege under the Fifth and Fourteenth Amendments to the United States Constitution, all of which being expressly preserved.

I look forward to your response. As always, if you would like to further discuss this matter, please do not hesitate to contact me.

Very truly yours,

NEDELMAN LEGAL GROUP PLLC

Michael A. Nedelman

C: James E. Marina, Esq. (via email to: james.marina@kirkland.com)

L/16220D