# EXHIBIT 1

**06/21/2022**

STATUS CONFERENCE HEARING BEFORE
JUDGE LITA POPKE IN RE:

GENERAL MOTORS,
Plaintiff,
-vs-
ALPHONS IACOBELLI, et al,
Defendants.
_____________________________________/

PAGE 1 TO 28

The Status Conference Hearing,
Taken Via Hanson Remote
Commencing at 2:30 p.m.,
Tuesday, June 21, 2022
Before Laura Steenbergh CSR-3707, RMR, CRR, RDR

Court reporter, attorneys & witness appearing remotely.

PRESENT VIA ZOOM:

HARIKLIA KARIS, ESQ.
JEFF LAMB, ESQ.
MICHAEL NEDELMAN, ESQ.
STACEY PAGONIS, ESQ.
MATTHEW PORPORA, ESQ.
ADAM WENNER, ESQ.
JEFFREY WILLIAN, ESQ.

that we could use your assistance on.

JUDGE POPKE: Okay.

MS. PAGONIS: And it concerns the proposal --

JUDGE POPKE: Only one, Stacey?

MS. PAGONIS: As of now. I'm sure there'll be more, not to disappoint you.

JUDGE POPKE: Okay.

MS. PAGONIS: So it concerns the proposed ESI protocol.

JUDGE POPKE: Um-hum (affirmatively).

MS. PAGONIS: FCA and GM have been in agreement on the protocol for some time now in our efforts to get the individual defendants to execute the ESI protocol. Mr. Nedelman on behalf of Mr. Iacobelli submitted a redline that proposes a significant material change that we do not agree to.

JUDGE POPKE: Okay.

MS. PAGONIS: In particular it includes a cost-shifting provision, which essentially shifts Mr. Iacobelli's ESI expenses to GM. The way I understand it is that Mr. Iacobelli is requiring GM to cover the costs of an ESI consultant to facilitate with his ESI production, and also asking GM or requiring GM to pay for software for Mr. Nedelman to review the ESI he's requested of GM.

JUDGE POPKE: Okay.

MS. PAGONIS: So this impasse is holding up discovery. Even though we are in agreement with FCA, FCA has indicated that they will not submit their proposed search terms to us, which were due on June 1st, until all the parties execute the ESI protocol.

JUDGE POPKE: Okay. So, Mr. Nedelman, is that an accurate recitation?

MR. NEDELMAN: It's fairly -- it's fairly representative, Your Honor.

JUDGE POPKE: So we can address this in a couple of ways. If you want me to hold a formal ESI conference, I can do that. If you want us just to have a limited hearing on this issue about Mr. Nedelman's request for cost shifting, and then I can make a recommendation on that. Is there -- or is there another preference as to how everyone wishes to have this handled?

MS. PAGONIS: Your Honor, we're open to however Your Honor would like to handle the matter.

MR. WILLIAN: Yeah. Just, it seems a specially set hearing in the very, very near future is probably the way to go, unless -- assuming Mr. Nedelman continues in his position, we probably should have a hearing in short order.

you're asking them to bear the cost of?

MR. NEDELMAN: Well, here's -- the real issue is, the vast majority -- I won't even say the vast majority -- probably all of the non-privileged documents have already been produced. This is really a function of whether or not there's going to be any additional efforts to obtain ESI, given whatever search terms either GM or FCA want to use. So it's --

JUDGE POPKE: What's your client's source for the documents? Because I'm sure any computers he had while he was at GM and FCA are in their possession, is that accurate?

MR. NEDELMAN: Certainly -- I don't know about FCA, I believe it to be true. With respect to GM, I know that his laptop that he was given by General Motors was returned to General Motors, so that's been in their possession. So what we're really talking about is his personal computer. And --

JUDGE POPKE: Can't you just give them -- can't they just make an image of his personal computer?

MR. NEDELMAN: Well, I don't want -- there's going to be -- there's privileged information on that, so that's the whole point.

JUDGE POPKE: Okay.

MR. NEDELMAN: The whole point is how to allow

them to conduct further or satisfy themselves that there's nothing there without violating the applicable privileges. And that's really what it comes down to.

MR. WILLIAN: I assume it's his computer and phone, is that what we're talking about?

MR. NEDELMAN: Or and his phone. We're talking about electronic devices. I just use computer somewhat generally.

MR. WILLIAN: Understood.

JUDGE POPKE: Are we only talking about a computer and one cell phone? Are we talking his wife's cell phone and his wife's --

MR. NEDELMAN: No, we're talking just his, Your Honor.

JUDGE POPKE: Okay. And there's not a way to let them have access or make a copy of his computer and his cell phone and still protect the privileged information that's in there?

MR. NEDELMAN: No way to do it. Not that I'm aware of.

MR. PORPORA: Judge, if I can just very briefly be heard on at that from FCA. I just want to put on the record that we've not been privy to this dispute, right? So, I mean, to the extent that Mr. Nedelman just described that this would be a

CERTIFICATE OF REPORTER

STATE OF MICHIGAN )
) SS
COUNTY OF MACOMB )

I HEREBY CERTIFY that I reported stenographically the foregoing proceedings and testimony under oath at the time and place hereinbefore set forth; that thereafter the same was reduced to computer transcription under my supervision; and that this is a full, true, complete and correct transcription of said proceedings.

Laura Steenbergh

Laura J. Steenbergh,
CSR-3707