# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| GENERAL MOTORS LLC,<br>GENERAL MOTORS COMPANY,<br><br>Plaintiffs,<br><br>against<br><br>JOSEPH ASHTON,<br><br>Defendant. | Case No. 2:22-mc-50034-GCS-DRG<br><br>HONORABLE GEORGE CARAM STEEH<br><br>MAGISTRATE JUDGE DAVID R. GRAND<br><br>Related to General Motors LLC v. Ashton, Case No. 2:22-mc-50034 (E.D. Mich.)<br><br>Arising from *General Motors LLC, et al. v. Ashton*, Case No. 1:20-cv-12659 (D.N.J.) |

**REPLY IN SUPPORT OF GENERAL MOTORS'
MOTION TO ENFORCE RULE 45 SUBPOENA**

## INTRODUCTION

GM served its Subpoena[1] seeking documents and a deposition from S. Iacobelli on November 10, 2021 and the Court ruled on S. Iacobelli's spousal privilege objections on June 1, 2022. (Order, ECF No. 28, PageID.1395-407.) Nevertheless, though two and a half months have passed since the Court's Order, S. Iacobelli *still* has produced only a single document and has refused to schedule (much less sit for) her deposition. Despite claiming previously that she had produced all responsive documents, subsequent third-party discovery has demonstrated once again (as with her husband Alphons Iacobelli) that S. Iacobelli's assurances were false. Given these knowing and intentional discovery deficiencies, GM respectfully requests a court order requiring full compliance with the Subpoena, a date set for S. Iacobelli's deposition, and that S. Iacobelli provide an affidavit in support of her search and production along with a privilege log.

## ARGUMENT

As set forth more fully in GM's Motion, S. Iacobelli's response to the Subpoena is deficient because she has failed to conduct a reasonable, good faith search for responsive documents and/or knowingly withheld responsive documents. In her response to the Motion, S. Iacobelli now concedes that "her earlier objections to both the scope of the discovery sought and any attendant

45041157.5

burden have been overruled . . . ." (*See* Resp. and Br. of S. Iacobelli ("Response"), ECF No. 39, PageID.2797-798.) Given the complete lack of ***any*** live objections, it is all the more puzzling that S. Iacobelli has produced only a single document (a copy of an expired passport) in response to ***26 document requests.***

S. Iacobelli attempts to explain this deficiency by arguing that her remaining responsive documents are privileged, including under the spousal communication privilege. (*See id.* at PageID.2789, 2798.) However, contrary to S. Iacobelli's apparent belief, GM is not required to take S. Iacobelli at her word. Instead, as GM noted in its Motion, consistent with Fed. R. Civ. P. 45 ("Rule 45"), S. Iacobelli must produce a privilege log of the responsive documents that she has withheld so that GM can "assess and challenge [her privilege claims] if necessary." *See State Farm Mut. Auto. Ins. Co. v. Physiomatrix, Inc.*, No. 12-cv-11500, 2013 WL 10936871, at *11 (E.D. Mich. Nov. 26, 2013); (*see also* Mot. to Enforce Rule 45 Subpoena ("Motion"), ECF No. 37, PageID.2215-216). While S. Iacobelli argues no privilege log is required of third parties, *see* Response, ECF No. 39, PageID.2796-797, she does so without citation to a single case. Indeed, the opposite is true. *See Oyekanmi v. Am. Axle & Mfg., Inc.*, No. CIV. 06-15240, 2008 WL 125081, at *1 (E.D. Mich. Jan. 11, 2008) (ordering third party attorney to

---

[1]   Capitalized terms not defined herein shall have the same meanings as in GM's Motion to Enforce Compliance with Rule 45 Subpoena (the "Motion").

2

produce all non-privileged, responsive documents "together with a privilege log detailing documents withheld"); *Abel v. Lyon*, No. 19-12556, 2020 WL 5629988, at *2 (E.D. Mich. Sept. 21, 2020) (ordering third party to produce supposedly privileged documents where party "had not submitted a privilege log" and "had not made any effort to meet its burden of establishing that the emails requested by the subpoena are protected by attorney-client privilege"); *cf. State Farm Mut. Auto. Ins. Co. v. Hawkins*, No. 08-10367, 2011 WL 4484681, at *2 (E.D. Mich. Sept. 27, 2011) (compelling production where third party's privilege log did not establish privilege.)  S. Iacobelli must produce a log of her responsive withheld documents, including those relating to her husband's communications with Mr. DeLorenzo, which apparently exist.  (*See* Response, ECF No. 39, PageID.2806-807.)

Third party discovery has further confirmed that S. Iacobelli (like her husband) failed to comply with the Subpoena.  *First*, as GM pointed out in its Motion, GM received a copy of a declaration made by S. Iacobelli to the U.S. Attorney's Office relating to the existence of foreign accounts.  (*See* Motion, ECF No. 37, PageID.2219.)  This document is directly responsive to the Subpoena, *see id.*, PageID.2234 at ¶ 5 (seeking documents "relating to any foreign bank accounts with which You are or have ever been affiliated"); *id.*, PageID.2236 at ¶ 12 (seeking documents "provided to the U.S. Attorney's Office for the Eastern District of Michigan" in connection with its investigation), yet was not produced

3

by S. Iacobelli. *Second*, and most recently, S. Iacobelli's bank produced a "Safe Deposit Box Contract Card," signed by S. Iacobelli and dated September 30, 2020. (*See* Ex. 1.) This document, and any related Safe Deposit Box records, was never produced by S. Iacobelli. Yet, the Subpoena expressly called for documents "reflecting *Your control over any safe deposit box at any financial institution*". (*See* Motion, ECF No. 37-2, PageID.2235 at ¶¶ 9 (emphasis added).) The pattern of failing to comply with court-issued subpoenas by the Iacobellis is clear.

S. Iacobelli's argument regarding her failure to produce the foreign account affidavit (which would have undermined her husband's Fifth Amendment claim in the Michigan action) is frivolous. She claims she did not produce the same documents as Butzel Long because their subpoenas were not identical and "minor differences in the production of responsive documents should have been expected." (*See* Response, ECF No. 39, PageID.2793.) The reality is, putting aside the subpoena to Butzel Long, the Subpoena here plainly called for this document.

S. Iacobelli further argues that she has "no knowledge" of foreign accounts. (*See id*. at PageID.2799.) Perhaps so, though contradictorily, S. Iacobelli's counsel has made it clear that S. Iacobelli will take the Fifth Amendment and not testify about her knowledge of any foreign accounts. GM certainly reserves the right to challenge the propriety of S. Iacobelli taking the Fifth Amendment. But under the circumstances, given GM's allegations and evidence (*see* Second Am. Compl.

4

(Wayne Cty.), ECF No. 17-3, PageID.730-731 at ¶¶ 70-74), S. Iacobelli should at a minimum be ordered to sign a release authorizing GM to request the information from banks on her behalf. *See Pogue v. Nw. Mut. Life Ins. Co.*, No. 3:14-CV-598-CRS-CHL, 2016 WL 2731497, at *4 (W.D. Ky. May 6, 2016).

The Subpoena also called for S. Iacobelli to produce information about her domestic bank accounts (*see* ECF No. 37-2, PageID.2235 at Request No. 7 (requesting documents "sufficient to identify all accounts that You have maintained . . . at financial institutions inside or outside of the United States"))—yet she has not produced a scrap of paper relating to such accounts. S. Iacobelli now argues that she did not produce any domestic bank account records in response to the Subpoena because GM has previously subpoenaed domestic financial institutions for records relating to her family members. (*See* Response, ECF No. 39, PageID.2804-805.) That argument is also vacuous. S. Iacobelli cannot shirk her discovery obligations merely because GM *may* receive some responsive documents from other parties. *See Brake Parts, Inc. v. Lewis*, No. 90-132-KSF, 2009 WL 1939039, at *4 (E.D. Ky. July 6, 2009) ("The fact that the same information may be available from two different sources does not excuse one of those sources from producing the information.") Further, GM does not know the location of all of S. Iacobelli's bank accounts, including any personal accounts she does not share with her husband (the safe deposit box was in her name only).

5

S. Iacobelli can simply pull her bank statements from her online banking portals or call or email her providers to seek copies of that information. What she cannot do is ignore the Subpoena's request because she thinks GM might have access to some of this information from other sources. "At any rate, [GM] is entitled to know that [it] has received responsive documents in *[S. Iacobelli's] possession, custody, or control after [S. Iacobelli]* has conducted a reasonable search for them." *Stockwell v. Hamilton*, No. CV 15-11609, 2019 WL 7582646, at *2 n.1 (E.D. Mich. July 19, 2019) (emphasis in original).

Regarding S. Iacobelli's passport, S. Iacobelli claims in her Response that her counsel verbally told GM's counsel that S. Iacobelli's passport was not renewed and no such current passport exists. (*See* Response, ECF No. 39, PageID.2790.) However, despite GM's counsel's repeated requests, S. Iacobelli's counsel flatly refused to put this representation in writing, instead only relaying this information verbally as part of a confidential communication that should not have been shared. Further, S. Iacobelli's past verbal and written representations about the production of documents have unfortunately been demonstrably false. (*See* Response, ECF No. 39, PageID.2832-842 (letter from M. Nedelman claiming no documents exist relating to S. Iacobelli's foreign account usage or documents relating to the U.S. Attorney's Office investigation, despite existence of foreign account declaration).)

6

45041157.5

Finally, S. Iacobelli ignored GM's argument in the Motion regarding her failure to sit for her deposition. Since the Court's June 1, 2022 ruling on spousal privilege, GM has repeatedly and unsuccessfully sought to obtain potential dates for S. Iacobelli's deposition. GM respectfully requests that the Court order that S. Iacobelli sit for her deposition promptly after she completes a reasonable search for documents responsive to the Subpoena (with the oversight and aid of counsel) and files an affidavit certifying full compliance with the Subpoena.

## **CONCLUSION**

For these reasons, and those set forth in GM's Motion, GM respectfully requests that the Court grant this Motion to Compel and (i) order S. Iacobelli's counsel to ensure a prompt and full production of responsive documents; (ii) order S. Iacobelli to produce a privilege log of any withheld responsive documents; and (iii) order S. Iacobelli to appear for a mandatory deposition in response to GM's Subpoena within 10 days of completion of her document production and service of an affidavit attesting to full compliance with the Subpoena.

Dated: August 25, 2022

Respectfully submitted,
**HONIGMAN LLP**
By: */s/ Jeffrey K. Lamb*
Jeffrey K. Lamb (P76738)
*Attorneys for General Motors LLC and General Motors Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2022 I caused the foregoing document to be electronically filed with the Clerk of the Court using the ECF filing system, which will send notification of such filing to all counsel of record.

By: */s/ Jeffrey K. Lamb*
Jeffrey K. Lamb (P76738)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226
Telephone: (313) 465-7000
jlamb@honigman.com

45041157.5