UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **GENERAL MOTORS LLC et al.,** | Case No. 2:22-mc-50034-GSC-DRG<br>Hon. George Steeh<br>Magistrate Judge David R. Grand |
| Plaintiffs, | |
| v. | Related Case No. 20-12659 (RBK-SAK)<br>Pending in the United States District Court<br>for the District of New Jersey Camden<br>Vicinage |
| **JOSEPH ASHTON,** | Related Case *General Motors LLC v FCA,<br>LLC*, bearing case no. 19-cv-13429<br>(Dismissed)<br>United States District Court for the Eastern<br>District of Michigan, Southern Division |
| Defendant. | |
| _____/ | |

## RESPONSE AND OBJECTIONS OF ALPHONS IACOBELLI TO PROPOSED ORDER RE: GM'S EXPEDITED MOTION TO ENFORCE THE COURT'S APRIL 28, 2022 ORDER REQUIRING FULL COMPLIANCE WITH GM'S SUBPOENA TO ALPHONS IACOBELLI

Alphons Iacobelli, through his attorneys, submits the following Response and Objections to GMs' proposed Order on GM's Expedited Motion to Enforce the Court's April 28, 2022 Order Requiring Full Compliance with GM's Subpoena to Alphons Iacobelli:

On September 20, 2022, this Court held a hearing on GMs' Expedited Motion to enforce this Court's April 28, 2022 Order. The Court did not enter an Order finally resolving the issues but encouraged the parties to work together to reach an appropriate resolution. In an effort to reach agreement on a means of providing GM with the discovery it seeks while not infringing on Mr. Iacobelli's Fifth Amendment privileges, Mr. Iacobelli on September 22, 2022 provided to GM for its consideration an outline

175116391.009                                                      1

for proceeding further, including the drafts of two letters that Mr. Iacobelli agreed to author, one each to Wowway (the former ISP) and the other to each foreign financial institution at which GM claims that Mr. Iacobelli had or has an account. A copy of Mr. Iacobelli's proposal, with the accompanying drafts, is attached as **Exhibit 1**. That proposal was rejected by GM, who on September 26, 2022 provided a proposed order suggesting (incredibly), among other terms, that "No one on behalf of Iacobelli (including but not limited to Iacobelli, his counsel or representative" may contact any foreign financial institution with respect to any financial account that Iacobelli may or may not have at any foreign financial institution;" and on September 27, 2022, provided a further draft that contained even more draconian terms and was ultimately submitted to this Court for its consideration.

As a result, the parties could not reach a stipulated agreement, GM on September 28, 2022 submitted their proposed Order and accompanying (albeit unrequested) "explanation." Mr. Iacobelli is compelled to object to GMs' proposed order for, among other reasons more fully set forth below, GM through its proposed Order (a) seeks to perpetrate a fraud upon one or more foreign financial institutions, by presenting the request for information as if such request(s) had no relationship whatsoever to this Action, the underlying subpoena *duces tecum*, and any Order that this Court may enter; and (b) seeks entry of an injunction against Mr. Iacobelli.

1. Mr. Iacobelli objects to paragraph 1 of GMs' proposed Order. Although Mr. Iacobelli has satisfied his production obligations in this action, Mr. Iacobelli has (as

previously indicated) further obligations in *General Motors LLC v Iacobelli, et al*, bearing case no. 20-011998-CB in the Wayne County (Michigan) Circuit Court. In an effort to assuage any concerns GM may have regarding the sufficiency of the prior search in this case, Mr. Iacobelli suggested, consistent with the direction of the Court to conduct discovery efficiently (recognizing the interrelatedness of this *Ashton* Action and the Wayne County Action), that GM provide to Mr. Iacobelli suggested additional search terms for use in the Wayne County Action if those already suggested by GM and as may ultimately be agreed-to by Mr. Iacobelli (discussions continue) were insufficient to ensure production of those documents which GM seeks in this *Ashton* Action (since GM will have the benefit of that search once conducted). GMs' "letter" accompanying their proposed Order now claims that GM needs to know the "type of devices" held by Mr. Iacobelli in order to suggest search terms, a non-sensical demand that itself illustrates the ongoing difficulty that Mr. Iacobelli has experienced in attempting to reach agreement with GM on any reasonable approach to resolving the ongoing discovery disputes in this matter.

    2. <u>The Alleged Phone</u>. Mr. Iacobelli objects to paragraph 2 of the proposed Order for the reason that Mr. Iacobelli is not aware of any phone that was seized by and remains in the possession of the United States. GM has, through the issuance of a *Touhy* request and attendant subpoena *duces tecum*, already sought from the United States the production of that phone, if it exists; the United States has responded to the *Touhy* request, without producing the phone - leading to the inescapable conclusion that either

175116391.009                                              3

(a) the alleged phone doesn't exist, or (b) if it exists, it will not be released by the United States. The failure and/or refusal of the United States to release to GM any such phone clearly evidences that any phone, if it exists, is not in the possession, custody and/or control of Mr. Iacobelli and, as a result, he has no duty or obligation to affirmatively seek its turnover to Mr. Iacobelli. In short, Mr. Iacobelli should not be compelled to accompany GM on its scavenger hunt for recovery of a phone of which Mr. Iacobelli is unaware and that the United States has in response to a subpoena *duces tecum* and *Touhy* request refused to produce (if it exists).

In addition, GM assumes, in its proposed Order, that any phone that may exist and may ultimately be returned to Mr. Iacobelli is his phone. Certainly, if a third party's phone was intentionally or inadvertently swept up in connection with the execution of a search warrant, Mr. Iacobelli cannot agree and cannot be compelled to image that phone or conduct any review for ESI.

3. Mr. Iacobelli will, as this Court directed, attest to having made a good faith effort to locate documents responsive to the subject subpoena *duces tecum*. GMs' request that Mr. Iacobelli seek information beyond Mr. Iacobelli's "immediate possession, custody, or control" apparently seeks to compel Mr. Iacobelli to embark on discovery efforts well beyond those imposed upon him by Rule 45; for what is "immediate?" Further, discovery in this case has been fraught with GMs' unfounded accusations that documents were withheld from production based upon GMs' unsupported belief that additional responsive, non-privileged documents exist. Mr.

175116391.009                                           4

Iacobelli is not obligated to <u>explain</u>, in the context of responding to a subpoena *duces tecum*, why those documents which GM claim exist (but lack evidentiary support for such claim) don't exist and therefore weren't located and produced; and GMs' attempt to impose upon Mr. Iacobelli (among others) such a duty must be rejected. To meet this Court's directive, Mr. Iacobelli will provide a Declaration in the form attached as **Exhibit 2**.

With respect to the "outline" referenced by Mr. Iacobelli in his July 30, 2018 email to Peter DeLorenzo, no actual outline existed, whether written or in electronic form. The reference to an "outline" was conceptual only, and as the Court anticipated may have been the case, existed in Mr. Iacobelli's mind alone. There is nothing to search for and nothing to produce.

4. **<u>Wowway.</u>** In response to this Court's direction, Mr. Iacobelli offered to GM to send to Wowway a letter requesting the subject information (see **Exhibit 1**) and indicated that he would not object to any ruling that obligates him to send the letter. GM responded that it has "no objection to it [the form of the letter] but cannot approve it," clearly trying to hedge on the sufficiency of the request. GMs' hedge is certainly not the cooperation that this Court envisioned or certainty that is required. In an effort to conclude (and with the hope that it concludes) the issue, a revised form of that letter, to include reference to al.iacobelli@wowway.com identified in GMs' proposed Order, is in anticipation of entry of this Court's Order contemporaneously being sent to Wowway. A copy of the letter sent to Wowway is attached as **Exhibit 3**.

5. **The Bank Accounts**

A. **Foreign Accounts**. GMs' attempt at paragraph 5 of its proposed Order to address securing information relating to the alleged foreign bank accounts is absurd and in a sleight of hand, seeks relief far beyond "consent" to release of the information sought. GM has repeatedly alleged, in this action and others, on "information and belief" that there are (or were) accounts opened by and/or for the benefit of Mr. Iacobelli (and others) at various banks, funded by FCA; Mr. Iacobelli has unequivocally denied knowledge of any such accounts, and therefore any such accounts are not within Mr. Iacobelli's "possession, custody and/or control." Mindful of Mr. Iacobelli's Fifth Amendment concerns and the limitations on Mr. Iacobelli's Rule 45 obligations, this Court suggested that the parties attempt to reach agreement on a means of determining if such accounts actually exist and obtaining the responsive account information if they do. Mr. Iacobelli, despite the absence of any custody or control over the alleged foreign accounts and in the further absence of any attendant obligation to seek from unknown third parties information relating to such unknown, alleged accounts - but respectful of this Court's request - acknowledged to GM (and reaffirms to this Court) that he would not file objections to any Order that compelled him to send to each of the foreign financial institutions that GM claims holds (or held) such accounts, a letter in the form attached to Exhibit 1 (although it requires that GM provide the bank name, address, account number and other appropriate contact information), seeking the information that GM requests. That offer should have

satisfied GM.

Incredibly, GM rejected that offer and instead has demanded that Mr. Iacobelli participate in defrauding, or at a minimum materially misleading, one or more foreign banks, by concealing from the banks that the information is sought pursuant to an Order of this Court (assuming entry of such an Order) in enforcement of a subpoena *duces tecum* (a further Order of this Court), and misrepresent that the information is being voluntarily requested without reference to any ongoing court proceedings. GM claims that this fraudulent scheme is necessary because one or more banks will refuse to provide the information sought if advised that it is sought pursuant to a Court Order.

In furtherance of this improper if not unlawful scheme suggested by GM, <u>in which Mr. Iacobelli will not participate</u>, GM improvidently seeks the entry of this Court's Order compelling Mr. Iacobelli to provide not the "consent" originally sought by GM but instead a "power of attorney," together with the entry of an injunction to ensure that the fraud GM seeks to perpetrate remains concealed. The injunctive relief sought by GM (in the absence of any showing remotely approaching satisfaction of Rule 65), as noted above includes the proposed prohibition that "[n]o one on behalf of Iacobelli (including but not limited to Iacobelli, his counsel or representative" may contact any foreign financial institution with respect to any financial account that Iacobelli may or may not have at any foreign financial institution" (despite GM claiming that they are Mr. Iacobelli's accounts). As if that were not enough, GMs' proposed Order seeks to require Mr. Iacobelli, in the event that one or more of the

175116391.009                                   7

foreign banks contact him, to further defraud the banks by (a) omitting reference to the subpoena *duces tecum* and this Court's Order, and instead representing (or limiting such representation to the statement) "that he affirmatively and fully consents to the release of any financial records that involve an account in his name, Business Advisory Group, or any related entity or person over which he exercises control," and (b) "further affirm for the financial institution that the Consent(s) are authentic and should be faithfully accepted and adhered to." To ensure that the subpoena *duces tecum* and this Court's Order are not disclosed (despite being material facts), GM seeks injunctive relief providing that "Iacobelli is further restrained from making any communication inconsistent with the foregoing to such foreign financial institutions."

Mr. Iacobelli objects to GMs' proposed Order and will not participate in defrauding and/or misleading any financial institution (foreign or domestic), by an affirmative misstatement or the omission of a material fact (the subpoena *duces tecum* and this Court's Order, if any), giving rise to his request for information, or any request that GM is permitted to make in his name.

**B. Domestic Accounts**. Mr. Iacobelli has, as reflected in **Exhibit 1**, offered to permit GM to obtain such information as GM may reasonably request from JPMorgan Chase and Comerica, relating to Mr. Iacobelli's domestic accounts. True to form, GM abandons the prospect of a reasonable "consent," and instead proposes that this Court order Mr. Iacobelli to provide to GM a power of attorney to act on behalf of Mr. Iacobelli – all in the absence of any showing that such an overreaching and

unreasonable instrument is necessary or appropriate to accomplish the goal. If Mr. Iacobelli were required to provide to each of Comerica and JPMorgan Chase a letter in the form attached as **Exhibit 4**, Mr. Iacobelli would not object to being ordered to provide such consent.

## CONCLUSION

GMs' proposed Order goes well beyond anything that Mr. Iacobelli can or should agree to, and perhaps more importantly far exceeds anything that this Court can properly compel in response to a Rule 45 subpoena *duces tecum*. For the reasons set forth above, Alphons Iacobelli prays that this Court deny entry of GMs' proposed Order. While Mr. Iacobelli cannot, consistent with the exercise of his Fifth Amendment privileges, stipulate (other than as to form) entry of a proposed Order compelling the relief suggested herein, Mr. Iacobelli will if the Court requests provide to the Court a proposed form of Order (and proposed form of letters to the financial institutions) to which, in light of the Court's ruling, Mr. Iacobelli could approve as to form only and to which Mr. Iacobelli could contemporaneously acknowledge that no objections would be filed.

                                              Respectfully submitted,
                                              NEDELMAN LEGAL GROUP PLLC
                                              /s/ Michael A. Nedelman
                                              Michael A. Nedelman (P35433)
                                              Attorneys for Alphons Iacobelli
                                              28580 Orchard Lake Road, Suite 140
                                              Farmington Hills, Michigan 48334
                                              (248) 855-8888
Dated: September 30, 2022                mnedelman@nglegal.com

## **INDEX OF EXHIBITS**:

1. Iacobelli September 22, 2022 Proposal
2. Declaration
3. Letter sent to Wowway
4. Form of letter to each of Comerica and JPMorgan Chase

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| **GENERAL MOTORS LLC et al.,** | Case No. 2:22-mc-50034-GSC-DRG |
| | **Hon. George Steeh** |
| Plaintiffs, | **Magistrate Judge David R. Grand** |
| v. | Related Case No. 20-12659 (RBK-SAK) Pending in the United States District Court for the District of New Jersey Camden Vicinage |
| **JOSEPH ASHTON,** | |
| Defendant. | Related Case *General Motors LLC v FCA, LLC*, bearing case no. 19-cv-13429 (Dismissed) United States District Court for the Eastern District of Michigan, Southern Division |
| _____/ | |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via the e-filing portal to all counsel of record.

I declare that the above statement is true to the best of my knowledge, information and belief on this 30th day of September, 2022.

/s/ Michelle K. Watler
Michelle K. Watler

| | |
|---|---|
| **From:** | Michael Nedelman |
| **To:** | jwillian@kirkland.com |
| **Cc:** | Lamb, Jeffrey K. |
| **Subject:** | Iacobelli/ GM v Ashton |
| **Date:** | Thursday, September 22, 2022 6:06:05 PM |
| **Attachments:** | 175116390.009 Letter to Wowway.docx |
| | 175116389.009 Letter to Banks.docx |

Jeffrey-

I write in furtherance of Magistrate Judge Grand's ruling, and in an effort to advance this matter. I anticipate being able to approve as to form an Order from Judge Grand that would require the following letters and/or provision of an appropriate authorization, and with respect to which we would not deem it necessary to object (since these obligations could reasonably be construed as exceeding the required scope of a response to a subpoena *duces tecum*). Therefore,

1. I am providing to you a draft letter to Wowway, relating to the closed account. While I believe this draft is sufficient, I obviously seek to avoid having to send a second letter. Please advise if the substance of this letter is satisfactory to GM, and will be considered by GM to satisfy Mr. Iacobelli's obligations with respect to Wowway. We will provide to you a copy of Wowway's response, if any.

2. I am providing to you a draft of the form of a letter to each of the foreign institutions that GM believes hold accounts in the name of and/or for the benefit of Mr. Iacobelli. In order that the letters can be completed and with the obvious need to provide each of those institutions as much information as possible to ensure a complete response, please immediately provide to me the following:

   A. The bank name and address
   B. The account number(s)
   C. The specific name(s) that GM believes are associated with the specific bank/account

   We will, upon receipt of responses from the banks, provide those responses to GM.

3. Upon entry of an acceptable Order, Mr. Iacobelli will provide to you appropriate letters of authorization to each of Comerica and JPMorgan Chase Bank, allowing GM to obtain from each of the banks copies of such documents relating to those accounts as GM may desire (with an appropriate end date). Mr. and Mrs. Iacobelli's domestic bank accounts were at Comerica until those accounts were closed (and the safety deposit box closed as well) during Mr. Iacobelli's incarceration, at which time new accounts and a new safety deposit box were opened at JPMorgan Chase Bank. We ask you to provide a draft letter of authorization to ensure that it meets Judge Grand's directive and GMs' needs, and satisfies Mr. Iacobelli's obligations to GM with respect to the information sought with respect to those domestic accounts. We are willing to provide the authorizations with the understanding that GM will provide to us copies of all of the documents obtained pursuant to those authorizations.

I look forward to your prompt response.

**EXHIBIT 1**

Michael A. Nedelman
Nedelman Legal Group PLLC

28580 Orchard Lake Rd., Suite 140
Farmington Hills, MI 48334

32 SE 2nd Ave, Suite 636
Delray Beach, FL 33444

Direct : 248.538.4543
Michigan Office: 248.855.8888 x117
Florida Main: 561.278.8855
Mobile: 248.561.4662
email: mnedelman@nglegal.com

 This transmission may be protected from involuntary disclosure pursuant to the attorney client privilege and/or attorney work product doctrine. Any unauthorized disclosure and/or dissemination is expressly prohibited. The contact information set forth above is not intended and shall not be construed or asserted to be a signature or that the sender has subscribed to the content of the transmission.

**EXHIBIT 1**

ALPHONS A. IACOBELLI<br>
1749 PICADILLY CIRCLE<br>
ROCHESTER HILLS, MI 48309

September __, 2022

Wide Open West Finance LLC
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

WOW! Internet-Cable-Phone
PO Bo 4350
Carol Stream, IL 60197-4350

Re:  Alphons Iacobelli
    Wowway Account no. 012498022
    *GM v Ashton*, Case no. *Case 20-12659 (USDC NJ)*
    Our File No. 1751.009

Dear Sir/Madam:

    Through approximately April 2020, you provided internet service to me. As a result of the discontinuation of service, my access to the email account theiacobellis@wowway.com terminated. Pursuant to the September 20, 2022 ruling of the United States District Court for the Eastern District of Michigan in the above-referenced matter, I write to determine if that email account can be restored and any emails that may have been accessible at the time of the termination of service again be made available to me. Please advise if this email account and access to the stored emails, if any, can be restored; and if so, how that can be accomplished.

    If you have any questions, please contact my attorney at the following:

Michael A. Nedelman, Esq.<br>
28580 Orchard Lake Rd., Ste. 140<br>
Farmington Hills, MI 48334<br>
USA<br>
mnedelman@nglegal.com<br>
Telephone: (248) 538-4543

Thank you for your prompt attention to this request.

Very Truly Yours,<br><br>
Alphons A. Iacobelli

L/16390

**EXHIBIT 1**

ALPHONS A. IACOBELLI
1749 PICADILLY CIRCLE
ROCHESTER HILLS, MI 48309

September __, 2022

[Bank Address]

Re: Alphons A. Iacobelli
    Social Security no. xxx-xx-___
    *GM v Ashton*, Case no. *Case 20-12659 (USDC NJ)*
    Our File No. 1751.009

Dear [Bank]:

    I have, pursuant to the ___, 2022 Order of the United States District Court for the Eastern District of Michigan in the above-referenced matter, been ordered to request from you any documents you may have that evidence the establishment and/or maintenance in [my name] or [in the name of _____] of one or more account(s) with your bank. If any such account(s) exist or previously existed, I request that you immediately provide to me (a) all of the documents, if any, that may have been executed and/or provided to you in connection with the establishment of any such account(s); (b) all communications between the bank and any person, firm and/or entity with respect to the account(s); (c) all statements issued with respect to the account(s); and if not included in the statements, (d) all documents that evidence any deposits into and/or withdrawals into and/or from such accounts, including but not limited to wire transfer, SWIFT and/or ACH activity.

    This request is made solely to comply with the Court's Order and is not intended and should not be interpreted and/or construed as a representation by me, or to infer or imply, that any such account(s) exist. Since I am unaware of any such account(s) and disclaim any connection to any such account(s), to the extent your review confirms that there are no accounts in my name with your bank, I would similarly appreciate written confirmation of that fact.

    If you have any questions, please contact my attorney at the following:

Michael A. Nedelman, Esq.
28580 Orchard Lake Rd., Ste. 140
Farmington Hills, MI 48334
USA
mnedelman@nglegal.com
Telephone: (248) 538-4543

Thank you for your prompt attention to this request.

Very Truly Yours,


Alphons A. Iacobelli

L/16389

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **GENERAL MOTORS LLC et al.,**<br><br>    Plaintiffs,<br><br>v.<br><br>**JOSEPH ASHTON,**<br><br>    Defendant.<br><br>_____/ | Case No. 2:22-mc-50034-GSC-DRG<br>Hon. George Steeh<br>Magistrate Judge David R. Grand<br><br>Related Case No. 20-12659 (RBK-SAK) Pending in the United States District Court for the District of New Jersey Camden Vicinage<br><br>Related Case *General Motors LLC v FCA, LLC*, bearing case no. 19-cv-13429 (Dismissed)<br>United States District Court for the Eastern District of Michigan, Southern Division |

## DECLARATION OF ALPHONS IACOBELLI

1. I am over the age of 18 years. I make this Declaration upon personal knowledge and, if called upon, could testify from personal knowledge to the matters set forth below. I provide this Declaration pursuant to the ____, 2022 Order of this Court.

2. I have made a good faith effort to locate all documents responsive to the Subpoena *duces tecum* attached hereto and have produced all non-privileged responsive documents that I have located.

I hereby affirm under penalty of perjury pursuant to 28 U.S.C. §1746 that the foregoing Declaration is true and correct to the best of my present knowledge and belief.

Executed this ____ day of October, 2022.

_____

Alphons A. Iacobelli

ALPHONS A. IACOBELLI  
1749 PICADILLY CIRCLE  
ROCHESTER HILLS, MI 48309

September 30, 2022

Wide Open West Finance LLC  
c/o Corporation Service Company  
251 Little Falls Drive  
Wilmington, DE 19808

WOW! Internet-Cable-Phone  
PO Box 4350  
Carol Stream, IL 60197-4350

VIA FIRST CLASS MAIL and  
CERTIFIED MAIL, RETURN RECEIPT REQUESTED

Re:  Alphons Iacobelli  
　　Wowway Account no. 012498022  
　　*GM v Ashton*, Case no. *Case 20-12659 (USDC NJ)*  
　　Our File No. 1751.009

Dear Sir/Madam:

　　Through approximately April 2020, you provided internet service to me. As a result of the discontinuation of service, my access to the email accounts theiacobellis@wowway.com and al.iacobelli@woway.com terminated. Pursuant to the September 20, 2022 ruling of the United States District Court for the Eastern District of Michigan in the above-referenced matter, I write to determine if those email accounts can be restored and any emails that may have been accessible at the time of the termination of service again be made available to me. Please advise if this email account and access to the stored emails, if any, can be restored; and if so, how that can be accomplished.

　　If you have any questions, please contact my attorney at the following:

Michael A. Nedelman, Esq.  
28580 Orchard Lake Rd., Ste. 140  
Farmington Hills, MI 48334  
USA  
mnedelman@nglegal.com  
Telephone: (248) 538-4543

Thank you for your prompt attention to this request.

Very Truly Yours,

*Alphons A. Iacobelli*

L/16390_2　　　　　　　　　　　　　　　　Alphons A. Iacobelli

EXHIBIT 3

ALPHONS A. IACOBELLI<br>
1749 PICADILLY CIRCLE<br>
ROCHESTER HILLS, MI 48309

September __, 2022

[Bank Address]

Re: Alphons A. Iacobelli
    Social Security no. xxx-xx-___
    *GM v Ashton*, Case no. *Case 20-12659 (USDC NJ)*
                    Case no. 2:22-mc-50034-GCS-DRG (EDMI)
    Our File No. 1751.009

Dear [Bank]:

    I have, pursuant to a subpoena *duces tecum* and the ___, 2022 Order of the United States District Court for the Eastern District of Michigan in the above-referenced matter, been ordered to consent to your release of any documents you may have that evidence the establishment and/or maintenance in [my name] or [in the name of _____] **since 2009** of one or more account(s) with your bank, whether presently opened or closed, that is or ever was in my name (whether jointly or solely); beneficially owned by me (whether jointly or solely) and/or in which I had any financial interest whatsoever; where I am or ever was a signatory, authorized user and/or exercised any control over it; is or was held in trust for me; or for which I am or was a settlor, trustee, or beneficiary. If any such account(s) exist or previously existed, I consent to your immediately provision to General Motors LLC (with a copy to my counsel identified below) (a) all of the documents, if any, that may have been executed and/or provided to you in connection with the establishment of any such account(s); (b) all communications between the bank and any person, firm and/or entity with respect to the account(s); (c) all statements issued with respect to the account(s); and if not included in the statements, (d) all documents that evidence any deposits into and/or withdrawals into and/or from such accounts, including but not limited to wire transfer, SWIFT and/or ACH activity.

    If you have any questions, please contact my attorney at the following:

Michael A. Nedelman, Esq.<br>
28580 Orchard Lake Rd., Ste. 140<br>
Farmington Hills, MI 48334<br>
mnedelman@nglegal.com<br>
Telephone: (248) 538-4543

Thank you for your prompt attention to this request.

Very Truly Yours,<br><br>
Alphons A. Iacobelli

L/16389 (Domestic)

**EXHIBIT 4**