KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle
Chicago, IL 60654
United States

Jeffrey L. Willian, P.C.
To Call Writer Directly:
+1 312 862 2257
jeffrey.willian@kirkland.com

+1 312 862 2000

Facsimile:
+1 312 862 2200

www.kirkland.com

September 28, 2022

**Via Email**

The Honorable David R. Grand
U.S. Magistrate Judge
United States District Court for the Eastern
District of Michigan
Federal Building
200 E. Liberty Street, Suite 400
Ann Arbor, MI 48104

Re: *General Motors LLC v. Joseph Ashton*
Case No. 2:22-mc-50034-GCS-DRG

Dear Judge Grand:

Submitted herewith is GM's draft order arising from the September 20, 2022 hearing on GM's Motion to Enforce the Court's April 28th Order (ECF No. 31). Mr. Iacobelli does not agree with this draft order. To help facilitate the process and given the critical importance of this order, GM briefly explains below the major differences between the parties.

**Method of contact with foreign banks:** Mr. Iacobelli has proposed that he take control of contacting foreign banks, rather than providing a consent as ordered (Tr. 36:12-15), by sending a designated bank the following attached letter. (Ex. A, Iacobelli letter). We believe that this letter will effectively ensure that the banks ignore Mr. Iacobelli's request for bank information. For example, Switzerland has a blocking statute that prevents the gathering of evidence through an "official act" from a "foreign authority" on Swiss soil. Art. 271, Swiss Criminal Code. When provided to a Swiss bank, Iacobelli's letter likely will be read as an official act ("I have…been ordered to request from you") from a "foreign authority" (United States District Court), and therefore will be rejected. The Iacobelli letter further signals to the bank that Mr. Iacobelli is requesting his accounts against his will (*e.g.*, "I am unaware of any such accounts," I am under "court order") and likely will again elicit a nonresponsive answer. However, as approved by GM's Swiss counsel, the power of attorney consent form proposed by GM has the best chance of eliciting a responsive answer from a Swiss bank. Mr. Iacobelli should be indifferent to GM's approach because of his adamant denial that

any foreign accounts exist. We will share promptly with Mr. Iacobelli the results of any approach made by GM to a bank.

**Time for production:** GM is up against a discovery deadline in the *Ashton* matter of November 1. This subpoena has been outstanding for 11 months. We simply must have full and prompt compliance on a near-term basis as reflected in the proposed order to prosecute that case effectively. As before, we will work with Mr. Nedelman on any reasonably needed extensions.

**Iacobelli phone held by the government:** In response to a Touhy request, the federal government has informed us that they are holding a phone belonging to Mr. Iacobelli. Mr. Nedelman denies the government is holding such a phone. Thus, you will see a provision in the order addressing that potential phone of Mr. Iacobelli.

**Search terms:** Mr. Nedelman has asked if GM proposes the use of search terms. We asked Mr. Nedelman to identify the communication devices that need to be searched, when those devices were put into service, and the amount of data at issue. Without this information, GM has no idea if search terms are appropriate. Mr. Nedelman has not responded to this attempt to meet and confer as of the submission of this letter.

For these and the reasons stated at the September 20 hearing, GM respectfully requests the entry of its order as submitted.

Sincerely,

*/s/ Jeffrey L. Willian*

Jeffrey L. Willian, P.C.

JLW:sw

# EXHIBIT A

ALPHONS A. IACOBELLI
1749 PICADILLY CIRCLE
ROCHESTER HILLS, MI 48309

September __, 2022

[Bank Address]

Re: Alphons A. Iacobelli
Social Security no. xxx-xx-___
*GM v Ashton*, Case no. *Case 20-12659 (USDC NJ)*
Our File No. 1751.009

Dear [Bank]:

I have, pursuant to the ___, 2022 Order of the United States District Court for the Eastern District of Michigan in the above-referenced matter, been ordered to request from you any documents you may have that evidence the establishment and/or maintenance in [my name] or [in the name of _______] of one or more account(s) with your bank. If any such account(s) exist or previously existed, I request that you immediately provide to me (a) all of the documents, if any, that may have been executed and/or provided to you in connection with the establishment of any such account(s); (b) all communications between the bank and any person, firm and/or entity with respect to the account(s); (c) all statements issued with respect to the account(s); and if not included in the statements, (d) all documents that evidence any deposits into and/or withdrawals into and/or from such accounts, including but not limited to wire transfer, SWIFT and/or ACH activity.

This request is made solely to comply with the Court's Order and is not intended and should not be interpreted and/or construed as a representation by me, or to infer or imply, that any such account(s) exist. Since I am unaware of any such account(s) and disclaim any connection to any such account(s), to the extent your review confirms that there are no accounts in my name with your bank, I would similarly appreciate written confirmation of that fact.

If you have any questions, please contact my attorney at the following:

Michael A. Nedelman, Esq.
28580 Orchard Lake Rd., Ste. 140
Farmington Hills, MI 48334
USA
mnedelman@nglegal.com
Telephone: (248) 538-4543

Thank you for your prompt attention to this request.

Very Truly Yours,

Alphons A. Iacobelli

L/16389

# EXHIBIT A

**POWER OF ATTORNEY**

I, Alphons Anthony Iacobelli, born on [DOB], and of 1749 Piccadilly Ct., Rochester Hills, MI 48309 hereby grant the attorneys at [LAW FIRM], including anyone that any of them may instruct on their behalf, (collectively, "My Attorneys-in-fact") to be and act as my lawful attorney-in-fact in respect of any financial account of whatever nature, whether presently open or closed, that is or ever was in my name (whether jointly or solely); beneficially owned by me (whether jointly or solely) and/or, in which I had any financial interest whatsoever; where I am or ever was a signatory, authorized user, and/or exercised any control over it, including any right to information; is or was held in trust for me; for which I am or was a settlor, trustee, or beneficiary; and/or is or ever was otherwise associated with me in any way whatsoever ("My Accounts").

My Attorneys-in-fact have all the requisite power to obtain all information, documents, and records of whatever nature regarding My Accounts from [BANK], [BRANCH], and [BANK] is expressly ordered and authorized to disclose all information and records to My Attorneys-in-fact regarding My Accounts. Furthermore, [BANK] is ordered and authorized to declare to My Attorneys-in-fact that it does not hold, and never has held, any of My Accounts if that is, in fact, the case.

This Power of Attorney extends to the release of information, documents, and records only regarding My Accounts. It does not authorize My Attorneys-in-fact to conduct any financial transactions whatsoever in respect of My Accounts.

________________________________
Alphons Anthony Iacobelli

State of Michigan )
County of Oakland ) ss

On this [ORDINAL DAY] day of [MONTH], [YEAR], before me the undersigned notary public, personally appeared Alphons Anthony Iacobelli, proved to me through satisfactory evidence of identification, to be the person whose name is signed on the preceding document and acknowledged to me that he signed it voluntarily for its stated purpose.

______________________________
Notary Public

# EXHIBIT B

# POWER OF ATTORNEY

Business Advisory Group LLC ("BAG"), Michigan Corp. ID 802009925, of 336 W. 1st St., Ste. 113, Flint, MI 48502 hereby grants the attorneys at [LAW FIRM], including anyone that any of them may instruct on their behalf, (collectively, "BAG's Attorneys-in-fact") to be and act as BAG's lawful attorney-in-fact in respect of any financial account of whatever nature, whether presently open or closed, that is or ever was in BAG's name (whether jointly or solely); beneficially owned by BAG (whether jointly or solely) and/or, in which BAG had any financial interest whatsoever; where BAG is or ever was a signatory, authorized user, and/or exercised any control over it, including any right to information; is or was held in trust for BAG; for which Ashton Fund is or was a settlor, trustee, or beneficiary; and/or is or ever was otherwise associated with BAG in any way whatsoever ("BAG's Accounts").

BAG's Attorneys-in-fact have all the requisite power to obtain all information, documents, and records of whatever nature regarding BAG's Accounts from [BANK], [BRANCH], and [BANK] is expressly ordered and authorized to disclose all information and records to BAG's Attorneys-in-fact regarding BAG's Accounts. Furthermore, [BANK] is ordered and authorized to declare to BAG's Attorneys-in-fact that it does not hold, and never has held, any of BAG's Accounts if that is, in fact, the case.

This Power of Attorney extends to the release of information, documents, and records only regarding BAG's Accounts. It does not authorize BAG's Attorneys-in-fact to conduct any financial transactions whatsoever in respect of BAG's Accounts.

______________________________
Alphons A. Iacobelli
Managing Member, Business Advisory Group, LLC

State of Michigan )
County of Genesee ) ss

By these presents be it known that before me personally came Alphons A. Iacobelli who has produced identification, who being by me duly sworn, on oath did affirm and declare that he is the Managing Member of Business Advisory Group, LLC, which company is identified in the foregoing instrument; that said Business Advisory Group, LLC is legally constituted under the laws of the State of Michigan; and that the affiant signed said instrument as Managing Member of Business Advisory Group, LLC by the authority of and on behalf of said company.

Given under my hand and seal as of the [ORDINAL DAY] day of [MONTH], [YEAR].

______________________________
Notary Public

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GENERAL MOTORS LLC,
GENERAL MOTORS COMPANY,

Plaintiffs,

against

JOSEPH ASHTON,

Defendant.

Case No. 2:22-mc-50034-GCS-DRG

HONORABLE GEORGE CARAM STEEH

MAGISTRATE JUDGE DAVID R. GRAND

Related to General Motors LLC v. Ashton, Case No. 2:22-mc-50034 (E.D. Mich.)

Arising from *General Motors LLC, et al. v. Ashton*, Case No. 1:20-cv-12659 (D.N.J.)

**[PROPOSED] ORDER**
**REGARDING ALPOHNS IACOBELLI'S OBLIGATION TO COMPLY**
**WITH CERTAIN INTERIM DISCOVERY MEASURES**

On July 11, 2022, General Motors LLC and General Motors Company (collectively, "GM") filed an Expedited Motion to Enforce the Court's April 28, 2022 Order Requiring Full Compliance with GM's Subpoena to Alphons Iacobelli ("Iacobelli") (ECF No. 31). On September 20, 2022, Magistrate Judge Grand heard oral argument on GM's Motion to Enforce and issued a number of discovery directives to Iacobelli, and, therefore, it is hereby ORDERED:

1. Within fourteen days of the entry of this Order, Iacobelli shall conduct a thorough search of all electronic devices and other sources of information in his

possession, custody, and/or control for documents responsive to GM's November 19, 2021 Subpoena (the "Subpoena"). For clarity, Iacobelli's search obligations shall extend to any information that is (i) in his immediate possession, custody, and/or control; (ii) available from individuals or entities subject to his control; and/or (iii) available from a third party upon his demand. As the Court has previously held, Iacobelli's search efforts and production obligations shall not be limited by Iacobelli's written objections to the Subpoena, except those predicated on the attorney-client privilege, work product doctrine, or the Fifth Amendment.

2. Within seven days of the entry of this Order, Iacobelli shall jointly request with GM the return of any phone belonging to Iacobelli the government possesses. If returned, Iacobelli shall promptly preserve all contents of the phone through imaging of the device. After such imaging is complete, Iacobelli shall search the phone and his other electronic devices for all responsive documents and produce all documents not otherwise privileged. Any document or information Iacobelli claims is privileged must be put in an appropriate privilege log.

3. Within fourteen days of the entry of this Order, Iacobelli shall furnish an Affidavit of Compliance that explains, in detail, his efforts to search for, locate, and produce information in response to each of the requests in the Subpoena. For clarity, this obligation extends to the "outline" referenced in Iacobelli's July 30, 2018 email to Peter DeLorenzo. To the extent the Subpoena seeks

information that may be available from sources outside of Iacobelli's immediate possession, custody, or control, Iacobelli shall document the steps taken to obtain that information, and the status of his request. To the extent Iacobelli is unwilling to comply with or locate information responsive to a Subpoena request, the Affidavit shall explain the basis for Iacobelli's position and the efforts undertaken to locate responsive information.

4. Within seven days of the entry of this Order, Iacobelli shall contact all former internet service providers, including, but not limited to, Wide Open West, that may possess email correspondence responsive to the Subpoena. The communications to the service provider(s) shall request access to any email account(s) registered (or previously registered) under Iacobelli's name. For clarity, this obligation includes, but is not limited to, "al.iacobelli@wowway.com" and "theiacobellis@wowway.com". Iacobelli shall furnish to GM all correspondence to and from the internet service provider(s) regarding access to his terminated accounts and the availability of emails in these accounts.

5. Within seven days of the entry of this Order, or as otherwise requested by GM, Iacobelli shall execute all consents or authorizations necessary to allow GM to obtain banks records from any foreign or domestic financial institution that may, in GM's or Iacobelli's judgment, possess information responsive to the Subpoena. Forms of such consents/authorizations are attached as **Exhibits A** and **B** for guidance

("Consent(s)"). No one on behalf of Iacobelli (including but not limited to Iacobelli, his counsel, or representative) shall contact any foreign financial institution with respect to any financial account that Iacobelli may or may not have at any foreign financial institution. If contacted by a foreign financial institution, Iacobelli, through his counsel, shall promptly alert GM's counsel to the nature of any such communication, including providing a copy of any such written communication and a summary of any verbal communication. After informing GM of such communication, Iacobelli shall further inform any foreign financial institution that contacts him (making GM aware of such communication) that he affirmatively and fully consents to the release of any financial records that involve an account in his name, Business Advisory Group, or any related entity or person over which he exercises control, and further affirm for the foreign financial institution that the Consent(s) are authentic and should be faithfully accepted and adhered to. Iacobelli is further restrained from making any communication inconsistent with the foregoing to such foreign financial institution. The signed Consent(s) shall not be deemed an admission by Iacobelli that any such records exist, that he ever held an account with the financial institution in question, or constitute a waiver of his Fifth Amendment right to not testify about the existence of such an account.

**SO ORDERED.**

________________________________

Hon. David R. Grand
United States Magistrate Judge

Dated: ____________________