**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| GENERAL MOTORS LLC,<br>GENERAL MOTORS COMPANY,<br><br>Plaintiffs,<br><br>against<br><br>JOSEPH ASHTON,<br><br>Defendant. | Case No. 2:22-mc-50034-GCS-DRG<br><br>HONORABLE GEORGE CARAM STEEH<br><br>MAGISTRATE JUDGE DAVID R. GRAND<br><br>Related to General Motors LLC v. Ashton, Case No. 2:22-mc-50034 (E.D. Mich.)<br><br>Arising from *General Motors LLC, et al. v. Ashton*, Case No. 1:20-cv-12659 (D.N.J.) |

**GM'S RESPONSE TO ALPHONS IACOBELLI'S OBJECTIONS TO THE PROPOSED ORDER MEMORIALIZING <u>THE COURT'S SEPTEMBER 20, 2022 DIRECTIVES</u>**

General Motors LLC and General Motors Company (collectively, "GM") submit the following Response to Alphons Iacobelli's Objections to the Proposed Order Re: GM's Expedited Motion to Enforce the Court's April 28, 2022 Order Requiring Full Compliance with GM's Subpoena (ECF No. 43).

At the September 20, 2022 hearing on GM's Expedited Motion to Enforce the Court's April 28, 2022 Order (ECF No. 31), Magistrate Judge Grand issued a series of directives and instructed the parties to work together to craft a proposed order to

submit to the Court by September 28, 2022. (*See* **Exhibit 1**, 9/20/22 Hr'g Tr. at 37:20-24; 38:3-16.)

GM timely submitted a proposed order to the Court along with a letter explaining why the parties were unable to reach an agreement. (*See* **Exhibit 2**, 9/28/22 Email from A. Wenner to E. Butts.) Mr. Iacobelli filed his unsolicited objection with the Court two days later. GM offers the following response to help clarify the issues.

## I. PARAGRAPH 1 OF THE PROPOSED ORDER REQUIRING A REASONABLE SEARCH FOR DOCUMENTS IS NOT CONTROVERSIAL.

Mr. Iacobelli objects to Paragraph 1 of the Proposed Order because he has purportedly "satisfied his production obligations in this action." (ECF No. 43, PageID.2981.) But the record directly contradicts that representation. The Proposed Order reflects the Court's directive requiring Mr. Iacobelli to "conduct a thorough search of all electronic devices and other sources of information in his possession, custody, and/or control for documents responsive to GM's November 19, 2021 Subpoena (the "Subpoena")" within fourteen days. (*See* **Ex. 1** at 26:5-18.) There is nothing onerous or overreaching about the Proposed Order's language, which merely reflects the standard set forth in the Eastern District of Michigan for a good faith search. *Flagg v. City of Detroit*, 252 F.R.D. 346, 353 (E.D. Mich. 2008).

The Proposed Order also clarifies that Mr. Iacobelli's search obligations "shall extend to any information that is (i) in his immediate possession, custody, and/or control; (ii) available from individuals or entities subject to his control; and/or (iii) available from a third party upon his demand." This is likewise consistent with how the Federal Rules and the Eastern District of Michigan define discovery obligations. *See Flagg*, 252 F.R.D. at 353. Further, Mr. Iacobelli's "search efforts and production obligations shall not be limited by Iacobelli's written objections to the Subpoena, except those predicated on the attorney-client privilege, work product doctrine, or the Fifth Amendment." This is wholly consistent with the record and the Court's comments. (**Ex. 1** at 30:19-25; 31:1-5.) There is simply no basis for Mr. Iacobelli's objection to Paragraph 1 of the Proposed Order, and the Court should overrule Mr. Iacobelli's objection.

## II. THE IACOBELLI PHONE

Mr. Iacobelli objects to Paragraph 2 of the Proposed Order because he is "not aware of any phone that was seized by and remains in the possession of the United States" and because even if such phone did exist, it may not belong to Mr. Iacobelli. (ECF No. 43, PageID.2981.) That frankly does not make sense. As GM stated in its letter to the Court, the federal government informed GM that it is holding a phone belonging to Mr. Iacobelli. Paragraph 2 of the Proposed Order simply memorializes that understanding, requiring Mr. Iacobelli to "jointly request the return of any phone

belonging to Iacobelli the government possesses." Further, the language in the Proposed Order only imposes an obligation on Mr. Iacobelli to preserve and image the device "[i]f returned". There is thus little burden on Mr. Iacobelli to submit a joint request. If that joint request comes up empty, Mr. Iacobelli's obligations are fulfilled. The Court should therefore overrule this objection.

## III. AFFIDAVIT OF COMPLIANCE

The form that Mr. Iacobelli proposes for his Affidavit of Compliance, (*see* ECF No. 43, PageID.2994), is severely deficient and does not comply with the Court's ruling. The Court was clear that Mr. Iacobelli must provide GM and the Court with an Affidavit of Compliance, in which he must state the good faith and reasonable efforts he undertook to locate and produce <u>all</u> documents and information GM requested and this Court ordered be produced. (**Ex. 1** at 30:19-25.) Mr. Iacobelli must list each category of documents requested and state whether he has produced the requested information, and if not, (i) what efforts he undertook to locate it; or (ii) whether he is refusing to produce the information on privilege or Fifth Amendment grounds. (*Id.* at 30:19-25; 31:1-5.) Without that baseline, the Court cannot determine whether "the grounds for noncompliance were improper." (*Id.* at 31:1-2).

The Affidavit of Compliance and its content is critical here. It will create a record for the Court to determine what documents have been produced, what

documents are outstanding, what Mr. Iacobelli has done to locate the documents, and what documents Mr. Iacobelli is objecting to produce on Fifth Amendment grounds. The Court made clear that this affidavit is necessary to assess Mr. Iacobelli's compliance with the GM's subpoena and the basis for any objections. (*Id.*) What Mr. Iacobelli has proffered in his Objections does not provide the Court with that information. Thus, the Court should overrule this objection.

## IV. INTERNET SERVICE PROVIDER DOCUMENTS

Despite objecting to the Proposed Order and giving GM no chance to respond to his proposed changes, Mr. Iacobelli has taken it upon himself to send a letter to Wowway, his internet service provider, without further order of the Court. GM reserves its rights with respect to the sufficiency of the letter that Mr. Iacobelli sent to Wowway pending the company's response.

## V. THE BANK ACCOUNTS

As GM stated in its letter to the Court, Mr. Iacobelli has proposed that he take control of contacting foreign banks, rather than providing a consent as ordered (**Ex. 1** at 36:12-15), by sending a designated bank the letter in the form attached as **Exhibit 1** to his Objection. (*See* ECF No. 43, PageID.2993.) But as GM explained in its letter, Mr. Iacobelli's proposed letter will effectively ensure that the banks ignore Mr. Iacobelli's request for bank information. Further, GM's suggested approach—for the Court to enter an order that approves the Swiss-standard power

of attorney form and directs Mr. Iacobelli not to communicate with any foreign financial institutions in a way that would fatally undermine the powers of attorney—is not "perpetrating a fraud" on any bank as Mr. Iacobelli baselessly asserts.

As approved by GM's Swiss counsel, the neutral power of attorney form GM proposed has the best chance of eliciting ***any*** response from a Swiss bank. And given Mr. Iacobelli's repeated strident assertions that no responsive accounts exist or have ever existed, he should be indifferent to GM's preferred, neutral approach along with the language in the Proposed Order directing him to confirm the validity of the powers of attorney (and nothing more) to any inquiring financial institution. The Court should therefore overrule Mr. Iacobelli's objection regarding the foreign bank accounts as well.

## VI. CONCLUSION

For the foregoing reasons, GM requests that the Court overrule Mr. Iacobelli's objections and enter the Proposed Order that GM submitted on September 28, 2022.

Dated: October 5, 2022

Respectfully submitted,
**HONIGMAN LLP**
By: */s/ Jeffrey K. Lamb*

Jeffrey K. Lamb (P76738)
Adam M. Wenner (P75309)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226
Telephone: (313) 465-7000
jlamb@honigman.com
awenner@honigman.com

**KIRKLAND & ELLIS LLP**
Hariklia Karis, P.C.
Jeffrey L. Willian, P.C.
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
hkaris@kirkland.com
jwillian@kirkland.com

*Attorneys for General Motors LLC and General Motors Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2022 I caused the foregoing document to be electronically filed with the Clerk of the Court using the ECF filing system, which will send notification of such filing to all counsel of record.

By: */s/ Jeffrey K. Lamb*
Jeffrey K. Lamb (P76738)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226
Telephone: (313) 465-7000
jlamb@honigman.com