UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GENERAL MOTORS LLC, and, <br> GENERAL MOTORS COMPANY, <br><br> Plaintiffs, <br> v. <br><br> JOSEPH ASHTON, <br><br> Defendant. <br> _____/ | Case No. 22-50034 <br><br> George Caram Steeh <br> U.S. District Judge <br><br> David R. Grand <br> U.S. Magistrate Judge <br><br> Arising from *General Motors LLC et al. v. Ashton*, No. 20-cv-12659 (D.N.J.) |

## **ORDER ON GENERAL MOTORS' MOTION TO ENFORCE RULE 45 SUBPOENA AS TO SUSAN IACOBELLI (ECF No. 37)**

**Background**

On June 1, 2022, the Court issued an Order on the initiating document in this case – Susan Iacobelli's motion to quash a subpoena *duces tecum* (the "Subpoena") served on her by General Motors LLC and General Motors Company (collectively, "GM") in connection with the case of *General Motors LLC, et al. v. Ashton*, No. 20-12659, which is pending the District of New Jersey (the "New Jersey Action"). (ECF No. 28). The Court incorporates the "Background" section of that Order herein by reference.

Presently before the Court is GM's motion to enforce the Subpoena. (ECF No. 37). The motion was fully briefed (ECF Nos. 38, 39), and the Court held oral argument on October 13, 2022 (ECF No. 48). Just two days before that oral argument, the Court issued an Order on a similar motion GM had filed with respect to enforcing a subpoena GM had served on Ms. Iacobelli's husband, Alphons Iacobelli. (ECF No. 46) (the "A. Iacobelli

Order"). Given the motions' significant overlap as to both factual and legal issues, many of the Court's rulings on the instant motion mirror the A. Iacobelli Order. For the reasons stated on the record and below, the Court resolves GM's motion as follows:

**Foreign Bank Accounts**

GM seeks documents related to foreign bank accounts about which Ms. Iacobelli claims to have no knowledge. In the A. Iacobelli Order, the Court explained, in detail, its analysis as to this issue, which is incorporated herein by reference. (ECF No. 46, PageID.3031-39). In short, the Court ordered Mr. Iacobelli to issue a letter he had proposed, with a particular modification. (*Id.*, PageID.3038). With respect to the instant motion, the Court explained that it would require Ms. Iacobelli to issue the same modified letter. (ECF No. 48, PageID.3059, 3061). Accordingly, **IT IS ORDERED** that within one week, Ms. Iacobelli shall issue that same modified letter to each of the foreign banks identified by GM. Within one week of her receipt of any requested documents, Ms. Iacobelli shall produce a copy of same to GM.

**Ms. Iacobelli's Objections to the Subpoena**

This Court has already ruled on Ms. Iacobelli's objections to the Subpoena. Indeed, in her response, she asserted, "In light of this Court's prior rulings, Mrs. Iacobelli is not further challenging the scope of the discovery requests set forth in the Subpoena [], and considers her earlier objections to both the scope of the discovery sought and any attendant burden to have been overruled." (ECF No. 39, PageID.2797). At the hearing, however, Ms. Iacobelli's counsel backtracked on the issue; after GM's counsel asserted his understanding that Ms. Iacobelli "will withdraw all objections to the document request

2

other than privileged objections," Ms. Iacobelli's counsel responded, "we haven't agreed to withdraw any objections." (ECF No. 48, PageID.3050-51). Accordingly, while the Court believes it has already ruled on Ms. Iacobelli's objections, it reiterates here that other than as to privilege, Ms. Iacobelli's objections to the Subpoena are overruled and are not a basis for her failing to perform a good faith search for, and to produce documents responsive to GM's Subpoena. (*Id.*, PageID.3055-56). Moreover, as to any documents not produced on the grounds of privilege, Ms. Iacobelli must provide a privilege log that complies with Fed. R. Civ. P. 26(b)(5). (*See also* ECF No. 48, PageID.3056-58).

### Search and Affidavit of Compliance

Within fourteen days of the entry of this Order, Ms. Iacobelli shall conduct a thorough search of all electronic devices and other sources of information in her possession, custody, and/or control for documents responsive to GM's Subpoena. Ms. Iacobelli's search obligations shall extend to any information that is (i) in her immediate possession, custody, and/or control, i.e., that information that is not in the custody of a third-party, such as a bank, an accountant, etc.; (ii) available from individuals or entities subject to her control; and/or (iii) available from a third party upon her demand. As noted above, Ms. Iacobelli's search efforts and production obligations shall not be limited by her written objections to the Subpoena, except those predicated on the attorney-client privilege, work product doctrine, or the Fifth Amendment.

Within fourteen days of the entry of this Order, Ms. Iacobelli shall provide to GM a signed affidavit attesting under oath that she has made a good-faith effort to search for documents responsive to the Subpoena and has produced any non-privileged such

3

documents to GM. To the extent any required search was not made or any responsive document not produced on the ground of privilege, Ms. Iacobelli shall provide an appropriate privilege log to GM.

The parties shall work cooperatively and in good faith to schedule Ms. Iacobelli's deposition, said deposition to take place within a reasonable time following Ms. Iacobelli's production of documents responsive to the Subpoena.

## Conclusion

For the reasons stated above, **IT IS ORDERED** that GM's Motion to Enforce Rule 45 Subpoena as to Susan Iacobelli **(ECF No. 37)** is **GRANTED IN PART AND DENIED IN PART** as set forth above.

**IT IS SO ORDERED.**

Dated: October 24, 2022  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 24, 2022.

s/Michael E. Lang  
MICHAEL E. LANG  
Case Manager